[Sac. No. 1399. In Bank.—October 3, 1907.]

FRANK SILVA et al., Appellants, v. AUSTIN HAWKINS et al., Respondents.

JUDGMENT AS AN ESTOPPEL.—A judgment cannot operate as an estoppel except where it is given in a cause between the same parties or their privies.

ID.—ACTION TO DETERMINE WATER-RIGHTS—PRIOR JUDGMENT NOT BETWEEN SAME PARTIES.—Defendants in an action for the determination of water-rights who were neither parties nor privies of parties to a prior action involving such water-rights cannot introduce in evidence the judgment rendered in such prior action as an estoppel against the plaintiff, who was a successor in interest of the plaintiff in the prior action.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order refusing a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

James F. Farraher, for Appellants.

R. S. Taylor, for Respondents.

McFARLAND, J.—This is an action to quiet plaintiffs' title to certain waters of the main fork of Greenhorn Creek in Siskiyou County, and of certain tributaries of said creek called Heybrook Gulch and Barker Gulch, and to have the relative and proportionate rights of the plaintiffs and defendants to such waters judicially determined and declared. The case was tried without a jury and judgment was rendered in favor of defendants. Plaintiffs appealed from the judgment and from an order denying their motion for a new trial.

The plaintiffs are the owners of a water-ditch called the Cornish & Company ditch, which has its head in the main Greenhorn Creek, and runs on the northerly side of the creek down and across to the north fork of said creek, where the water that is carried by the ditch to said north fork is used by plaintiffs for mining purposes. Defendants are the owners of a placer mining claim called the Clark & Company

claim, which is situated in the bed of the main fork of Green-horn Creek, and over this mining claim passes the said Cornish & Company ditch. This ditch before reaching defendants' mining claims passes across the said two tributaries of Green-horn Creek and carries their waters, as well as the water of the main creek, to defendants' mining claim. Defendants concede that plaintiffs have the right to carry over and across their mining claim all the waters flowing in this ditch during the night-time—that is, from six o'clock P. M. to six o'clock A. M. of the next day; but they aver that defendants have the right to use upon their mining claim all the water flowing in said ditch during the daytime—that is, from six o'clock A. M. to six o'clock P. M. of each day—and deny that plaintiffs have any right to the use of any such water during the hours last above mentioned. The plaintiffs in their amended com-plaint admit that they have no right to the water of the main Greenhorn Creek during the daytime, but they aver that dur-ing all of the time, both night and day, they have the right to carry away in the ditch across and over defendants' mining claim all the water which flows in the ditch from the said two gulches. And so the real controversy between the parties concerns only the waters of said Heybrook and Barker gulches.

The defendants in their answer pleaded as an estoppel against plaintiffs a certain prior judgment rendered in the superior court in a case entitled Maurice Renner, as Trustee, *v.* Joseph Azevedo et al., contending that the judgment in that case determines the rights of plaintiffs in the case at bar to the water in contest to be only those here admitted by defendants, and that plaintiffs are estopped by said judgment from contending otherwise. When, at the trial, defendants offered in evidence the judgment-roll in the Renner case, its introduction was objected to by plaintiffs and the objection was overruled and the judgment-roll admitted; and to the ruling plaintiffs excepted. Whether or not that judgment-roll was properly admitted is the main question on this appeal and the only one calling for special notice; and it seems to be quite clear that its admission in evidence was an error. A judgment cannot operate as an estoppel except where it is given in a cause between the same parties or their privies. (See *Boggs* v. *Clark*, 37 Cal. 236.) In the case at bar there is some evidence tending to show that the plaintiffs, or at

least some of them, acquired their interests in the ditch and water from the plaintiff in the Renner *v.* Azevedo matter, and it may be conceded for present purposes that plaintiffs are the successors in interest of said Renner; but there is no relation or connection whatever, with respect to the property rights here involved, between the defendants in the case at bar and the defendants in the former case. The defendants here are in no position to assert or invoke any right which might have been declared in the former action as between the parties hereto; they are neither the parties nor privies of parties to that action. That the errror in admitting the judgment-roll was prejudicial is clear; for there was some testimony tending to establish plaintiffs' contention that they are entitled to the use of the water in contest to the extent asserted by them, and we cannot say how the court would have found as to that contention if it had not admitted the judgment-roll in the Renner case and given it the significance of an estoppel. For this error the case must be reversed.

Plaintiffs offered in evidence the judgment-roll in another case entitled Cardoza *v.* Hawkins, but defendants' objection to it was sustained. That ruling was right. There was the same lacking here of the relation of parties and privies that appeared in Renner *v.* Azevedo.

We see no other points calling for discussion.

The judgment and order appealed from are reversed.

Shaw, J., Angellotti, J., Sloss, J., and Lorigan, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment and in the opinion of Justice McFarland, which is fully supported by the ground upon which he holds that the superior court erred in overruling the objection to the admission in evidence of the judgment-roll in the case of Renner *v.* Azevedo et al. There was, as the main opinion shows, no privity between the defendants and either of the parties in Renner *v.* Azevedo, but there is even a stronger and more conclusive reason for holding that the judgment in that case can never operate as an estoppel in this case. The right in litigation there had no sort of connection with the right in controversy here. There Renner, as trustee of the Bohnerts, was suing Azevedo and others (whose rights, such as they may have been,

have never vested in these defendants) for a diversion
of the waters of the main Greenhorn Creek above the head of
the Cornish ditch, a diversion by which the owners of that
ditch were deprived of their right to all the waters of the
main branch naturally flowing to the head of their ditch
between six o'clock P. M. and six o'clock A. M. A litigation of
that controversy could by no possibility involve the rights of
the owners of the Cornish ditch to the entire flow of the
Heybrook and Barker gulches during the whole twenty-four
hours, for the waters of those gulches naturally flowed into
Greenhorn Gulch below the head of the ditch, and were inter-
cepted by the ditch below its head. The only shadow of a
reason for the claim that any right to the waters of those
gulches was involved in Renner *v.* Azevedo is that the plain-
tiff in that action by way of description of his ditch used the
language: ''Was the owner and in possession of that certain
water ditch known as the 'Cornish Ditch' which takes the
waters of main Greenhorn Creek and gulches adjacent thereto,
and conveys the same to the North Fork of said Greenhorn
Creek.'' This was a perfectly correct and proper description
of the ditch for the purpose of the complaint and the judg-
ment, but it did not tender any issue as to the rights of the
plaintiff to the waters of the adjacent gulches, and when the
complaint which follows this description is examined it appears
that the only injury alleged is the diversion of the waters of
Greenhorn Creek at a point to which the waters of the gulches
never flowed and never will flow while the law of gravitation
continues in force.

Henshaw, J., concurred.