[Civ. No. 2218. Fourth Appellate District.—June 7, 1938.]

In the Matter of the Estate of H. S. BRUCE, Deceased. LEWIS BRUCE, as Executor, etc., Appellant, v. ORPHA E. OWEN et al., Respondents.

John Preston King for Appellant.

Clarence H. Wilson for Respondents.

HAINES, J., *pro tem.*—This is an appeal by Lewis Bruce from the decree of distribution made on June 20, 1937, in the matter of the estate of his father, H. S. Bruce, which will be hereinafter referred to as "the estate". The decedent left a will in which three of his children, appellant Lewis Bruce, hereinafter referred to as "Dr. Bruce", Mary Elizabeth Pringey and Orpha E. Owen, the latter two of whom are respondents here, were made residuary legatees. Dr. Bruce and one Chester Dowell, president of a corporation known as People's Finance & Thrift Corporation, hereinafter referred to as the "Finance Company", were made executors. The estate is the same which in a former appeal was before this court in another connection. (*Estate of*

*Bruce,* 19 Cal. App. (2d) 322 [65 Pac. (2d) 380].)    In April, 1937, the said Orpha E. Owen and Mary Elizabeth Pringey petitioned the court for distribution of the estate, reciting that the court had theretofore settled the final account of the executors; that during the progress of the administration the said Orpha E. Owen had assigned her interest in the estate to the Finance Company as security for the payment to said company of "a certain debt owed to said company by Dave R. Owen and Orpha E. Owen, his wife"; that petitioners were not informed as to the precise amount of this debt but that the Finance Company was entitled to have distributed to it enough money out of the share of said Orpha E. Owen to satisfy this indebtedness.    Subject to that adjustment the petitioners prayed distribution of the residuary estate in equal shares to the said Orpha E. Owen, Mary Elizabeth Pringey and Dr. Bruce.    To this petition Dr. Bruce filed an answer, the important allegations of which, for our present purposes, are the following:

"That Orpha E. Owen did heretofore for a good and valuable consideration sell and assign all of her right, title and interest in said estate to the People's Finance and Thrift Company of Porterville, California.    That Lewis Bruce for a valuable consideration, acquired and now owns as his sole property all of the interest in and to the above entitled estate of Orpha E. Owen.    That the said Orpha E. Owen is not entitled to receive from the said estate any of the assets thereof, or monies or any interest of said estate whatever."

The matter was heard by the court which filed findings of fact and conclusions of law and separately its decree of distribution based thereon.

The portions of the findings with which we are now concerned are those numbered II, III and IV as follows:

"II.

"The Court finds that Orpha E. Owen on the 12th day of April, 1932, made, executed and delivered an assignment of her interest in the Estate of H. S. Bruce, deceased, to the People's Finance & Thrift Company of Porterville, California, for the purpose of security for the debts which said Orpha E. Owen at that time owed to said company.

"III.

"The Court finds that on June 14, 1936, Orpha E. Owen owed the People's Finance & Thrift Company of Porterville,

California, the sum of One Thousand Fifty-four ($1,054.00) Dollars, secured by the assignment mentioned in Finding II above; that on said date Lewis Bruce paid said People's Finance & Thrift Company of Porterville, California, said sum of One Thousand Fifty-four ($1,054.00) Dollars, and that said People's Finance & Thrift Company of Porterville, California, made, executed and delivered to said Lewis Bruce an assignment assigning to said Lewis Bruce all of its right, title and interest in and to the interests of said Orpha E. Owen in said Estate of H. S. Bruce, deceased; that said Lewis Bruce is now the owner of the assignment mentioned in Finding II above, and holds said assignment as security for the payment to him of said sum of One Thousand Fifty-four ($1,054.00) Dollars, together with interest on said sum at the rate of seven (7%) per cent per annum from the 14th day of June, 1935, to this date.

"IV.

"The Court finds that said Orpha E. Owen did not make any other assignment of her interest in the Estate of H. S. Bruce, deceased, to the People's Finance & Thrift Company of Porterville, California, other than the assignment for security mentioned in Finding II above."

The evidence is to the effect that prior to the death of H. S. Bruce, which occurred in 1930, Mrs. Owen and her husband were indebted to the Finance Company in the amount of $2,100, for which the Finance Company held certain security. This indebtedness the Owens were unable to pay, in consequence of which, on April 12, 1932, Mrs. Owen executed a writing addressed to the executors in which she stated that she thereby assigned all of her interest in the estate to the Finance Company "to secure any and all obligations that I owe that corporation". At the bottom of this writing the executors noted their "acceptance" of the assignment, which would appear to have been thereupon delivered to the Finance Company. Delay ensued, however, in the settlement of the estate and the inability of the Owens to pay their obligation to the Finance Company resulted in the filing by the latter of an action for the purpose of augmenting its security wherein it attached a ranch belonging to the Owens. There had been extended negotiations between Dr. Bruce, on the one hand, and, on the other, first an attorney who is claimed to have represented the Owens,

and later Mr. Owen, concerning some arrangement whereby Dr. Bruce should relieve the Owens of their debt to the Finance Company. Dr. Bruce claims that the substance of the plan was that he should see the debt satisfied and receive as compensation Mrs. Owen's interest in the estate. He claims that Mrs. Owen was fully cognizant of an understanding to that effect. Her claim is that she had, in person, little to do with the negotiations and made no arrangement to relinquish her interest to her brother. Coincidentally with the negotiations between those who either represented or are claimed to have represented Mrs. Owen on the one hand and Dr. Bruce on the other, there was more or less protracted correspondence between the Owens and the Finance Company regarding the indebtedness. On one occasion, that is under date of January 30, 1935, Mrs. Owen wrote the Finance Company to the effect that: ''We will pay the Finance Co. $200 cash in addition to my share of my father's estate in full settlement of account. But I will not sign any further papers.''

The evidence fails to show that this $200 was ever paid and no claim seems to have been made that there was ever any written or definite acceptance of the proposition made in this letter. Mrs. Owen has testified that she never actually made any other assignment of her interest in the estate than the original one made, as stated, by way of security only.

The Owens at length succeeded in negotiating a sale of certain equipment that constituted part of the security for their indebtedness to the Finance Company whereby such indebtedness was, according to Dowell, reduced to $1,054. Just when this reduction was accomplished does not in terms appear. It does appear, however, that on June 14, 1935, in consideration of a note for $1,054, executed by Dr. Bruce to it the Finance Company executed to him what purported to be an assignment of ''all its right, title and interest in and to the interest of Mrs. Orpha E. Owen in the H. S. Bruce estate''. The Finance Company returned to the Owens their note which the latter seem to have retained and Mrs. Owen testified that she no longer considered herself indebted to the Finance Company. This is not, however, what she said in her petition for distribution and it is not clear to us what she meant by it.

■ The contention of the respondents is, as we understand it, that the original written assignment by Orpha E. Owen and her husband to the Finance Company is the only assignment of her interest in the estate ever actually made by her; that all other negotiations were tentative only and were never brought to any conclusion; that Dr. Bruce as assignee of the Finance Company merely stands in its shoes and is entitled to no more than that to which, but for the assignment to him, it would have been entitled, that is to the payment of the balance owed by the Owens; and that since the decree as entered provides for the reimbursement of Dr. Bruce as assignee of the Finance Company for all that he actually disbursed in purchasing the assignment from the Finance Company, which is in the same amount then owed by the Owens to the latter, full justice has been done.

With this result we are in accord. ■ Appellant urges that the residuary estate of the decedent is personal property and that the law recognizes the validity of verbal assignments of personal property. Granting this, it is still, in ordinary circumstances, a question of fact whether such an assignment has been made, and the trial court here has found on evidence, in its effect at least conflicting, that no assignment otherwise than as security was made. ■ It is further suggested that the effect of the court's decree, if the assignment were treated as security only, would be to effect a foreclosure of the security without any proceedings appropriate to a foreclosure. We think, however, that its effect would be merely to provide for the payment of a debt. The evidence shows that the estate is in such condition that the obligation of $1,054 found due out of Mrs. Owen's share to Dr. Bruce as assignee of the Finance Company, can be settled in cash, and that, therefore, no foreclosure is required. ■ Dr. Bruce has submitted to the probate court the question of his right in and to the part of the estate claimed by Mrs. Owen, and in the circumstances we think that if the probate court was correct in finding that such right consisted, not in any ownership of Mrs. Owen's original interest in the estate, but only in the ownership of an indebtedness from Mrs. Owen which could be paid from money belonging to her *in custodia legis,* then that court was justified in providing for such payment rather than in requiring Dr. Bruce to commence an independent action to obtain it. At all

events, it is impossible to see how Dr. Bruce could be prejudiced by the court's action and nobody other than Mrs. Owen could be heard to complain of it, and she in her petition for distribution has in effect consented to it.

█ We still have to deal, however, with the appellant's claim that whether Mrs. Owen made such absolute assignment to the Finance Company or directly to Dr. Bruce of her whole share in the estate, or not, is no question of fact but one of law; and, therefore, that the trial court's determination of the question is not conclusive. It is further claimed that such assignment necessarily results from the conduct of the parties. Since the trial court has found upon the facts against any express assignment, what appellant must rely on is an equitable assignment. Appellant relies on section 1589 of the Civil Code to the effect that:

"A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting."

The same rule is in effect otherwise stated in section 3521 of the Civil Code to the effect that:

"He who takes the benefit must bear the burden."

This rule, however, is in itself a rule of equity and as such must be given a reasonable interpretation. The benefits of the transaction which Mrs. Owen is claimed to have accepted are the cancellation of her indebtedness to the Finance Company and the dissolution of its attachment against her property.

An equitable assignment is a creature of equity. The courts therefore will hardly in the exercise of their equitable powers recognize and enforce any such assignment otherwise than as equity requires.

The record shows that at the time it is claimed that the equitable assignment occurred Dr. Bruce and Dowell, the latter being president of the Finance Company, in their capacities as executors of the H. S. Bruce estate, held in their hands assets of Mrs. Owen more than sufficient to discharge her indebtedness to the Finance Company which respondents claim that they delayed distributing in order to prevent her discharging her indebtedness and to enable Dr. Bruce to acquire her interest in the estate for an inadequate consideration. We need not go so far as to decide that the

record requires that interpretation of their conduct. We need only say that there is nothing in it to show that the estate might not have been closed on or before June 14, 1935, when Dr. Bruce took his assignment from the Finance Company, except for the circumstances disclosed in the record formerly before us in this estate, of which we will take judicial notice. (*Estate of Bruce, supra.*)

As appears from that record Dr. Bruce claimed adversely to the estate the ownership of 125 shares of stock in the Security-First National Bank of Los Angeles, which he had, nevertheless, inventoried in the estate, and which were appraised at $14,000. This claim had been decided against him by the probate court in 1935 and was finally decided against him by this court on February 23, 1937, and rehearing denied on March 25, 1937. One hundred shares of this stock remain on hand, are of the appraised value of $11,200, and one-third thereof, together with a small balance in cash have been distributed by the decree of distribution from which the present appeal is taken, to Mrs. Owen.

It would manifestly be a travesty on justice in these circumstances to give such an interpretation to the doctrine of equitable assignment, as, in addition to providing, as the present decree does provide, for the repayment to Dr. Bruce of the amount for which he obligated himself to the Finance Company in taking the assignment, to also transfer to him Mrs. Owen's share in this bank stock and the small sum of residuary cash distributed to her.

The decree of distribution is affirmed.

Marks, Acting P. J., and Jennings, J., concurred.