[Civ. No. 17498. Second Dist., Div. One. Oct. 23, 1950.]

Guardianship of the Person and Estate of CLARA MYRTLE
D. BARKER, an Incompetent Person. MARY CARVER,
Respondent, v. CLARA MYRTLE D. BARKER, Appellant.

Clara Myrtle D. Barker, in pro. per., for Appellant.

Raymond E. Parr for Respondent.

DORAN, J.—According to the appellant's brief, "This case is here upon an appeal by the ward (now restored to competency), Myrtle D. Barker, etc., arising out of the appointment of a non-resident niece of appellant as her guardian, culminating in an arbitrary approval of her accounts, notwithstanding the failure to account for various properties . . ., and the manner in which she acted in respect to the properties. . . ." The appeal is, in effect, a general and specific attack upon all steps taken in the guardianship proceedings from the original

appointment to and including the settlement of the guardian's final account.

The record on appeal, as noted by respondent, is "fragmentary, partial, and most incomplete." It contains clerk's transcripts and reporters' transcripts of a part only of the entire proceedings. The appellant's briefs include a sweeping denunciation of the trial judge and censures the conduct of respondent's attorney.

It appears that on the petition of appellant's sister, an Order for Detention of appellant was issued on July 21, 1944, by Superior Court Judge Myron Westover, and on July 24, 1944, Superior Court Judge Dudley S. Valentine committed appellant to the county hospital pending a hearing on July 26, 1944. There is a certificate of service of this order upon appellant signed by H. J. Gormley, Deputy Sheriff. On the day specified and after hearing several witnesses including two medical examiners appointed by the court, appellant was committed to the state hospital at Camarillo, California.

On July 14, 1944, respondent Mary Carver, a niece, filed a petition for appointment as guardian of the appellant; a citation was issued for a hearing on July 27, 1944. Although appellant insists that "no service in fact was ever made upon her," there is a sheriff's return showing service on appellant on July 17, 1944. Appellant, then confined at Camarillo, was not present at the guardianship proceedings and an affidavit of Dr. A. Vincent Gerty, one of the medical examiners who had been appointed at the commitment hearing, was presented to the court stating that "It does not seem advisable that she appear in court for the guardianship proceedings."

At the guardianship hearing on July 27, 1944 before Superior Court Judge Thomas C. Gould, the petitioner Mary Carver testified to the required residence in Los Angeles County. Dr. Gerty who had examined Mrs. Barker in the commitment proceedings, testified that the "Mrs. Barker has been committed as an insane person to the State Hospital at Camarillo," and that "She has syphilis of the central nervous system, commonly called general paresis." The respondent Mary Carver was appointed guardian of appellant's person and estate, gave bond as such guardian and proceeded to administer the estate.

The total appraised value of the estate was $3,891.25, which sum included the valuation of a beauty shop at $1,350. This beauty shop was thereafter sold by the guardian for $3,500

cash, concerning which sale appellant now strenuously complains, alleging that same was worth $10,000.

On November 21, 1946, Clara Myrtle D. Barker was restored to competency, having been discharged from Camarillo as cured. Thereafter a final and supplementary accounts were filed by the guardian, to which Mrs. Barker, appearing by several different attorneys, entered various objections. Eventually, after many continuances, appellant's objections and a motion to set aside the order appointing the guardian, were overruled and denied, attorney fees allowed, and the accounts settled.

The Notice of Appeal specifies that the present appeal is taken "from the judgment on final account," and from the order "denying motion for new trial." Appellant's briefs, however, attack the entire guardianship from its inception, alleging that the original appointment was in excess of jurisdiction by reason of alleged failure to give proper notice and because the petitioner for guardianship was not a resident of this state. Settlement of the guardian's final accounts is claimed to have been an "arbitrary" action by the trial court.

The contentions of appellant are not sustained by the record and are supported only by appellant's assertions that due process was denied. Appellant fails to point out any instance of irregularity which would justify a reversal. On the contrary, the record seems to disclose that appellant's various objections, presented to the trial court by appellant and by several different attorneys, received due consideration.

In view of appellant's mental condition resulting in commitment to Camarillo, it can hardly be denied that guardianship was necessary. Certificates of service indicate that due notice was given by the sheriff's office although by reason of appellant's mental and physical condition at the time it may well be that present recollection of such notice is entirely lacking. The unsupported denial of such notice by one who was then mentally incompetent, can hardly overcome the presumption of regularity and the positive assertions contained in the return of service.

The same may be said of appellant's contention that the trial court "summarily foreclosed appellant from presenting any evidence and overruled all pending motions, and approved everything submitted by the respondent herein." It is doubtless true that appellant, in what may be termed a partisan and nonlegal survey of the situation, does not

approve of what was done. This, however, is beside the point. There is no evidence of any summary or unwarranted action on the part of the trial court at any time.

At the hearing held December 1, 1948, the trial judge observed: "This matter has come before me I do not know how many times. From time to time different attorneys have appeared and asked for continuances. . . . He (Attorney Leonetti) is the third or fourth attorney at least who has been in here on this case." The court then refused any further continuances and proceeded to settle the accounts and allow attorney fees, and then terminated the proceedings. These matters were of a discretionary nature, and no abuse of the trial court's discretion has been made manifest.

The judgment appealed from is affirmed, and the attempted appeal from the order denying a new trial is dismissed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied November 14, 1950, and appellant's petition for a hearing by the Supreme Court was denied December 18, 1950.