[Civ. No. 21491.   Second Dist., Div. One.   Sept. 18, 1956.]

CLARA MYRTLE D. BARKER, Appellant, v. MARY CARVER et al., Defendants; JEWEL GIROUX et al., Respondents.

488

Clara Myrtle D. Barker, in pro. per., for Appellant.

Louis Ballenger, Donovan Ballenger, Lawrence William Steinberg, John Ruskin Lane and Elber H. Tilson, for Respondents.

WHITE, P. J.—Plaintiff appeals from an adverse judgment in an action instituted by her against Mary Carver, plaintiff's former guardian, Raymond E. Parr, attorney for said guardian, and Jewel Giroux, sister of plaintiff, to "recover property belonging to appellant (plaintiff herein) that they have never accounted for to appellant (plaintiff) or to the court in the guardianship matter." Subsequent to the death of defendant Parr on November 29, 1954, Ilo Mohr Parr, as executrix of his estate, was substituted as a party defendant.

The factual background surrounding this litigation may be thus epitomized: On July 24, 1944, plaintiff was committed to the General Hospital of Los Angeles County, and shortly thereafter was committed to the State Hospital at Camarillo, California. On July 14, 1944, defendant Mary Carver, a niece of plaintiff, filed a petition for appointment of

herself as guardian of plaintiff Clara Myrtle D. Barker, and was thereafter regularly appointed and qualified as such guardian. The estate of said plaintiff was handled by said guardian and through regular procedure was eventually administered, and the accounts of said guardian were settled, attorney's fees allowed, and the proceedings finally terminated in the court below. An appeal was taken by plaintiff herein "from the judgment on Final Account" and from the order "denying motion for a new trial." This court affirmed the judgment (*Guardianship of Barker*, 100 Cal.App.2d 69 [223 P.2d 64]). Petition for hearing was denied by the Supreme Court on December 18, 1950.

The action involved in this appeal was filed on November 21, 1949, while the matter of guardianship of Barker just referred to was on appeal. Thereafter, an amended complaint was filed and eventually a supplemental complaint wherein the Estate of Parr was substituted for Raymond E. Parr, deceased. Raymond E. Parr during his lifetime, appeared as attorney for the guardian, Mary Carver, in the guardianship proceedings. In the present case a motion to dismiss for lack of prosecution was filed for the defendant Jewel Giroux and later a similar motion was filed on behalf of defendant Ilo Mohr Parr, executrix of the estate of defendant Raymond E. Parr, deceased. Both motions were denied.

This cause was finally called for trial on June 24, 1955. Defendant and former guardian Mary Carver was never legally served with process and made no appearance. Plaintiff appeared in pro. per. and defendant Jewel Giroux and defendant Ilo Mohr Parr appeared with their attorneys. The record reflects that the following proceedings were thereupon had: "J. R. Arnold is sworn on behalf of the plaintiff and states his name. The defendants object to the introduction of any evidence on the ground that the supplemental complaint does not state a cause of action, that there has been no prosecution within five years, that the matter before the court is res adjudicata, and that the *a*duction of evidence would be violative of the 'Dead Mans Statute' as to the defendant Ilo Margaret Parr, Executrix." The cause was thereupon continued to June 27, 1955, at which time the court announced its decision as follows: "The Defendants' objection to the introduction of any evidence is sustained. All other defendants' motions are granted." Judgment was entered accordingly and plaintiff prosecutes this appeal therefrom.

Since we are satisfied that the court was correct in sustaining the plea of res adjudicata we shall first give consideration to that issue. ■ "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (Citing cases.) (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [122 P.2d 892].)

■ The gist of appellant's complaint and amended supplemental complaint, is as stated therein, "that by virtue of the said appointment of the said defendant, Mary Carver, as Guardian, there came into the possession of *defendants* all of the assets, including equipment, supplies and good will, of the beauty parlor business owned by plaintiff at the time of the appointment as Guardian of said Mary Carver, and all of the personal effects, monies and properties belonging to plaintiff. . . ." (Emphasis added.) Then follows a list of the properties in question. The allegation is that all of the property and assets were delivered to the defendants in the instant action without any further specification, and of course one of the defendants was the guardian. The guardian was therefore responsible for the property constituting the estate and any adjudication as to her accounting was binding on appellant. There is no allegation in the pleadings involved herein, of extrinsic fraud. There is no new matter contained in the complaint or amended and supplemental complaint filed herein which could not have been adjudicated in the guardianship proceedings.

That the issues tendered on this appeal were decided adversely to appellant is evidenced by the language of this court in the former appeal (*Guardianship of Barker, supra*) wherein it is stated that such appeal arose, ". . . out of the appointment of a non-resident niece of appellant as her guardian, culminating in an arbitrary approval of her accounts, *notwithstanding the failure to account for various properties . . . and the manner in which she acted in respect to the properties.* . . . The appeal is in effect, a general and specific attack upon all steps taken in the guardianship proceedings from the original appointment to and including the settlement of the guardian's final account. . . ." (Emphasis added.)

■ Referring to the record before this court on the former

appeal as we are authorized to do (*Estate of Bruce*, 27 Cal. App.2d 44, 51 [80 P.2d 82]; *Gackstetter* v. *Market St. Railway Co.*, 10 Cal.App.2d 713, 716 [52 P.2d 998]; *Hammell* v. *Britton*, 19 Cal.2d 72, 75 [119 P.2d 333]; *Pailhe* v. *Pailhe*, 113 Cal.App.2d 53, 66 [247 P.2d 838], we find one of the objections urged therein was that, "Certain items of property were received by the guardian but were neither shown upon the inventory nor accounted for nor returned to the ward. These items include: (a) One trunk and its contents, now in the possession of Jewel Giroux." In the former proceeding appellant herein specifically litigated the questions of properties not mentioned or appraised by asserting that there was property in the possession of the guardian at the time of appointment, which should have been but was not inventoried or appraised.

Appellant insists that respondents Parr and Giroux in the instant proceeding not having been parties, or in privity with a party, in the earlier litigation cannot now assert the plea of res adjudicata against her. This contention cannot be sustained. ▆ As was said by our Supreme Court in *Bernhard* v. *Bank of America, supra,* page 812: "There is no compelling reason, however, for requiring that the party asserting the plea of res adjudicata must have been a party, or in privity with a party, to the earlier litigation." ▆ Appellant having been a party to the previous litigation and bound by the decision therein, respondents in the present case are not precluded by lack of privity or of mutuality of estoppel from invoking the plea of res adjudicata against her. It would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries. The cases of *Estate of Smead*, 219 Cal. 572 [28 P.2d 348]; *Silva* v. *Hawkins*, 152 Cal. 138 [92 P. 72]; and *People* v. *Rodgers*, 118 Cal. 393 [46 P. 740, 50 P. 668], relied upon by appellant were overruled in the case of *Bernhard* v. *Bank of America, supra,* page 813, to the extent that they are inconsistent with the views expressed therein.

Appellant attempts to invoke the principle of equitable relief enunciated in *Caldwell* v. *Taylor*, 218 Cal. 471 [23 P.2d 758, 88 A.L.R. 1194]. But this case does not aid appellant. It is authority for the intervention of equity only when there is alleged and proven that by some fraud practiced directly upon the party seeking relief against a judgment or decree that party has been prevented from presenting all of his case

to the court. In other words, there must be a showing of extrinsic fraud. ■ Intrinsic fraud will not suffice to justify equitable intervention. In *United States* v. *Throckmorton*, 98 U.S. 61, 65 [25 L.Ed. 93], the court stated that the cases where the equitable relief sought by appellant herein would be granted are those in which ''by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud and deception practiced on him by his opponent, as by keeping him away from court, a false promise of compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff, or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat, or where the attorney regularly employed corruptly sells out his client's interest to the other side—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and fair hearing. (Citing authorities.)'' In the case now engaging our attention there is no allegation in the pleadings, of extrinsic fraud. Nothing is complained of that could not have been adjudicated in the guardianship proceedings. Since any of the frauds alleged in the case at bar could have been relieved by the court in the guardianship proceedings, and in fact were submitted to the court in such proceedings and decided adversely to appellant after presentation by her of all of her case, she cannot now relitigate the claimed frauds upon which she unsuccessfully relied in the guardianship proceedings. It follows from what we have said that the lower court was not in error when it sustained respondents' plea of res adjudicata.

The foregoing conclusion at which we have arrived, renders it unnecessary to discuss or decide the other issues presented on this appeal.

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.