[Civ. No. 22080. Second Dist., Div. One. Nov. 26, 1956.]

JERRELL BABB, Respondent, v. THOMAS EISTRAT, Appellant.

Thomas Eistrat, in pro. per., for Appellant.

Jerrell Babb, in pro. per., for Respondent.

WHITE, P. J.—Respondent moves to dismiss the appeal herein on the ground that appellant failed to make timely arrangements with the clerk of the lower court for payment for the clerk's transcript within the time provided by the Rules on Appeal.

Respondent's motion to dismiss is supported by a certificate of the clerk of the superior court which shows that on August 2, 1954, plaintiff (respondent herein) filed a complaint; that the relief prayed for was a judgment against the defendant (appellant herein) for the sum of $2,500; that on March 21, 1955, appellant herein filed his fourth amended cross-complaint praying for damages in the amount of $4,100 as costs and expenses alleged in his first and second causes of action, together with the sum of "more than $1.00" as damages for the libels alleged in his third cause of action.

On December 31, 1955, judgment was entered ordering that plaintiff (respondent herein) take nothing by reason of any matters alleged in his complaint and that defendant (appellant herein) have judgment against plaintiff thereon; that cross-complainant (appellant) take nothing by reason of any matters alleged in his fourth amended cross-complaint, and that cross-defendant (respondent) have judgment against cross-complainant thereon. It was further ordered that each party to this action bear his own costs.

Notice of entry of judgment was filed January 3, 1956, and was served by mail, January 13, 1956, on plaintiff, Jerrell Babb, appearing in propria persona.

Notice of intention to move for new trial on cross-complaint was filed February 15, 1956; there is no entry on the register of actions of any ruling on said motion.

Notice of appeal from said judgment, on behalf of defendant (appellant herein), was filed February 28, 1956.

Notice to clerk to prepare transcript, and notice to order reporter's transcript was filed March 9, 1956. Pursuant to rule 4(a) of Rules on Appeal, a copy of the aforesaid notice was mailed March 19, 1956, to court reporters Ruth Lipton and John S. Murdock.

In accordance with the provisions of rule 5 of the Rules on Appeal adopted by the Judicial Council, a notice by the clerk of the superior court designating the estimated cost for the preparation of the clerk's transcript was mailed March 28, 1956, to defendant (appellant) appearing in propria persona. As of October 8, 1956, the date of the clerk's certificate, no arrangement had been made with the clerk for the payment thereof.

Pursuant to rule 4(a) of Rules on Appeal, the clerk, on March 26, 1956, received a copy of a letter written to appellant herein, by Ruth Lipton, court reporter, designating the estimated cost ($100) for preparation of the reporters' transcript on appeal. Up to the date when the clerk's certificate was issued no arrangement had been made with her for the payment thereof, and no waiver of deposit had been filed by said reporter Ruth Lipton. A waiver of deposit for the preparation of court reporter's (John S. Murdock) transcript on appeal was filed March 23, 1956. As to the preparation of the clerk's transcript, appellant had until April 7, 1956, to make his arrangements for payment of the clerk's costs. To date nothing has been done by appellant in that regard.

Rule 5(c) of the Rules on Appeal provides as follows: "(Clerk's charges) The notice given by the appellant under foregoing provisions of this rule *shall not be effective for any purpose unless,* within 10 days after notification from the Clerk of his estimate of the cost of preparing the transcript, with the exception of Exhibits and affidavits which the respondent has directed to be copied, the appellant shall make arrangements with the clerk for payment thereof." (Emphasis added.)

Rule 10(a) of Rules on Appeal provides in part as follows: ". . . If the appellant shall fail to perform any act necessary to procure the filing of the record or to pay the filing fee within the time allowed therefor or within any valid extension of that time, and such failure is the fault of the appellant and not of any court officer or any other party, the appeal may be dismissed on motion of the respondent or on the reviewing court's own motion."

Appellant resists the motion and as grounds therefor asserts that "After respondent allowed the judgment against him on the complaint for attorneys (sic) fees to become final, it appeared to appellant that although he had a meritorious appeal and had been unfairly treated by respondent, that he (appellant) could not be further injured by respondents (sic) acts were the appeal not perfected.

"Last week appeallant (sic) received by mail a copy of respondent's 'Notice of Motion to Dismiss Appeal Under Rule 5(c) and Rule 10(a) of Rules on Appeal.' Such motion appeared innocuous.

"Upon just now receiving the advance sheet 301 P.2d No. 2, it appears from the case of *Barker* v. *Carver,* 144 Cal.App. 2d 487 [301 P.2d 307] (Civil 21, 491) 2 DCA 1, most recently decided by this Honorable Court, that the exception of derivative liability (Witkin, California Procedure, Vol. 3, pp. 1959-1961) as somewhat extended by the *Bernhard* v. *Bank of America* case, 19 Cal.2d 807 [122 P.2d 892], to the requirement of mutuality and privity by the party asserting a plea of res judicata, has been further stated and extended. It therefore now appears, that the Brush Industrial Lumber Company in action 640312, Civil 21905, may be unjustly enriched to the detriment of appellant herein, with no benefit or detriment to respondent herein, by Brush asserting that the judgment on the cross-complaint herein appealed from is res judicata as to Brush, if such judgment on the cross-complaint herein is not rendered moot by stipulation offered herein, or said findings and judgment on the cross-complaint are not corrected on the merits by perfection of this appeal."

There is attached to appellant's points and authorities in opposition to respondent's motion for dismissal of appeal, a stipulation signed by him and which he states respondent refused to sign. The proffered stipulation provides for a dismissal of appellant's cross-complaint filed in the superior court, "without determination of the merits and with prejudice to an action again between the parties hereto non pro tunc (sic) as of time of filing originally, and that this appeal on the cross-complaint and judgment thereon be dismissed as moot, subject to the Honorable Justices of above entitled court approving this stipulation."

It is a fundamental rule of appellate procedure that the burden rests on an appellant to use reasonable diligence to perfect and prosecute his appeal. True, it is an oft repeated rule that the courts favor a determination of liti-

gation upon the merits, and that all parties should have their day in court at all stages of the proceedings. This policy undoubtedly influenced the Judicial Council in promulgating rule 53(b) of Rules on Appeal, wherein provision is made authorizing the appellate tribunal to relieve a party from default occasioned by failure to comply with the Rules on Appeal, but the rule just cited makes such relief dependent on "good cause."

In the absence of some showing amounting to "good cause" under rule 53(b) of Rules on Appeal, the application of rule 5(c) above quoted is mandatory (*Whelpton* v. *Taylor*, 81 Cal.App.2d 949, 951 [185 P.2d 391]). From a reading of the reasons advanced by appellant in opposition to the motion to dismiss, it is at once manifest that the delay herein was not occasioned by excusable neglect but rather because, as appellant states, since respondent allowed that portion of the judgment denying him relief on his complaint to become final, "it appeared to appellant that although he had a meritorious appeal and had been unfairly treated by respondent, that he (appellant) could not be further injured by respondent's acts were the appeal not perfected"; that when appellant received a copy of the notice to dismiss the appeal, "such motion appeared innocuous," but that upon reading a recent decision of the District Court of Appeal, he (appellant) became apprehensive lest ". . . the judgment on the cross-complaint herein appealed from is res judicata" as to another action appellant now has pending against a party not concerned with the instant action.

We are satisfied that under the facts and circumstances here present, to deny respondent's motion to dismiss would result in manifest injustice to him.

The appeal is dismissed.

Doran, J., and Fourt, J., concurred.

A petition for a rehearing was denied December 20, 1956.