[Civ. No. 9546.   Third Dist.   Mar. 3, 1959.]

LEE LYON, Appellant, v. ANTHONY H. GIANNONI et al., Respondents.

Pierce & Brown for Appellant.

G. Douglas Thompson and Joseph W. Raftery for Respondents.

WARNE, J. pro tem.*—Appellant appeals from a judgment of dismissal in favor of respondents entered after the sustaining of general demurrers to the second amended complaint (hereinafter referred to as the complaint) without leave to amend. On the date set for presenting oral argument herein, appellant by a written stipulation dismissed the appeal as to the purchasers Giannoni.

The complaint sets forth three causes of action, the first of which is an action on the contract against Anthony H. Giannoni and Louis D. Giannoni for the purchase price of certain land. The material facts alleged are as follows: Through respondent, Dixon Real Estate Company, a copartnership composed of respondents Oscar Graeser and H. E. Rattenbury, hereinafter referred to as the "realtor," Anthony H. Giannoni and Louis D. Giannoni, hereinafter referred to as the "purchasers," offered to purchase a ranch owned by appellant for the sum of $64,000 and made a deposit of $6,400 with said realtor to be applied on the purchase price thereof. The offer was not acceptable to appellant, but after further negotiations carried on through the realtor the parties executed a contract in the form of a "deposit receipt" which recited that the purchasers agreed to purchase and the appellant agreed to sell the described property for the sum of $80,000. The receipt of $6,400 was acknowledged. The balance was to be paid within 30 days as follows: "An additional $25,600.00 upon acceptance of deal. The balance or $48,000.00 to be paid in 10 equal annual payments of $4,800.00 or more plus interest at 5%. Purchaser to have right to have well tested by a reliable pump company to determine amount of water available. If test is not satisfactory to buyers their deposit of $6,400.00 will be returned to them." Plaintiff alleges repudiation by the purchasers and offer to perform by plaintiff after breach.

The second cause of action is directed against the respondent realtor and alleges that contemporaneously with the repudiation of said contract by the purchasers and their notification thereof the appellant had demanded of the respondent realtor the $6,400 which had been deposited with said realtor, but which deposit the realtor without authority or consent of appellant had returned to the purchasers. Appellant therefore claims that said realtor is indebted to appellant for said sum.

---

*Assigned by Chairman of Judicial Council.

A third cause of action seeking damages against the realtor alleges that the realtor in breach of its agency contract with appellant to use its best efforts to sell appellant's property persuaded the Giannonis to purchase other property; and as a result of the realtor's failure to perform the obligations of said agency contract, appellant suffered damages. The trial court sustained general demurrers to each cause of action stating: "that there is no contract here; that it was simply an option . . ." The plaintiff appealed, as heretofore stated, from the judgment of dismissal. Apparently the trial court interpreted the contract to be an option only because of the satisfaction clause giving the purchasers the right to have the well tested by a reliable pump company to determine the amount of available water and the right, if the test was not satisfactory to the purchasers, to refuse to go ahead with the deal and to have their deposit of $6,400 returned to them. That provision in the contract does not constitute a condition to the existence of a contract. The whole purchase receipt, and the particular clause, must be read as merely making plaintiff's performance dependent upon the obtaining of "satisfactory tests for water available." Here we have an agreement whereby the purchasers agreed to purchase, and the seller agreed to sell, certain land upon the terms and conditions therein stated. It was more than a mere option to purchase. A contract arose and the buyers were given the privilege to terminate it in the event that the tests for water available were not satisfactory. The general view is that deposit receipts are binding and enforceable contracts. (*Mattei* v. *Hopper*, 51 Cal.2d 119, 122 [330 P.2d 625].) Furthermore, the clause giving the purchasers the right to have the well tested by a reliable pump company to determine the amount of water available and specifying that the $6,400 deposit will be returned to the buyers if the test is not satisfactory to them, being contained in an otherwise enforceable contract to buy and sell, did not make the purchasers' obligation illusory. ■ As stated in *Collins* v. *Vickter Manor, Inc.*, 47 Cal.2d 875, at page 882 [306 P.2d 783]: ". . . the buyer could not withdraw from the contract at his pleasure. (*Cf. Shortell* v. *Evans-Ferguson Corp.* (1929), 98 Cal.App. 650, 659 et seq. [5, 6] [277 P. 519] ; 12 Cal.Jur.2d 317, § 114.) A contractual provision for performance to the satisfaction of one of the parties ordinarily calls for such performance as would be satisfactory to a reasonable person. (*Thomas Haverty Co.* v. *Jones* (1921), 185 Cal. 285, 296 [7] [197 P. 105].)"

340

As also held in *Collins* v. *Vickter Manor, Inc., supra,* if acceptance or rejection of the result of a test made by a reliable pump company for water available depended upon the purchasers' uncontrolled caprice, then they would be the sole judges of their own satisfaction and could withdraw from the contract without regard to the reasonableness of their decision. (See also *Tiffany* v. *Pacific Sewer Pipe Co.,* 180 Cal. 700, 702-704 [182 P. 428, 6 A.L.R. 1493].) The contract here did not afford the purchasers the right to withdraw from the contract at their unrestricted pleasure. ■ Further, as stated in *Mattei* v. *Hopper, supra,* ". . . [I]n those contracts where a condition calls for satisfaction as to commercial value or quality, operative fitness, or mechanical utility [in the instant case water available for row crops], dissatisfaction cannot be claimed arbitrarily, unreasonably or capriciously (citing cases), and the standard of a reasonable person is used in determining whether satisfaction has been received." In the instant case purchasers did not even exercise their right to have the well tested by a reliable pump company.

■ We have read the cases upon which respondents rely and find none of them controlling. For example, *Lawrence Block Co.* v. *Palston,* 123 Cal.App.2d 300, 308-309 [266 P.2d 856], was disapproved by the court in the *Mattei* v. *Hopper* case, *supra,* insofar as the language represented a departure from the established rules governing "satisfaction" clauses. We conclude that the contract here was neither illusory nor lacking in mutuality of obligation and that the trial court erred in sustaining the demurrer of the purchasers. ■ We also hold the court erred in sustaining the demurrer addressed to the counts against the realtor. The money the realtor received belonged to the principal, the seller, and if, as alleged, the same was returned to the purchasers without the consent of the seller, the realtor was bound to account. (*Holloway* v. *Thiele,* 116 Cal.App.2d 68 [253 P.2d 131].) The third count sufficiently alleges breach of the realtor's agential duty and damages resulting therefrom.

■ The respondent realtor contends that the appeal should be dismissed on the ground that the issues which are presented thereby have become res adjudicata and are now moot by reason of appellant having dismissed as to the purchasers. We do not agree.

Neither the issues nor the parties to the first cause of action are the same as to the second and third causes of action. The three causes of action present issues which are separate be-

tween parties who are separate and not at all in privity. As contended by appellant, the first cause of action is between appellant and the Giannoni brothers, the purchasers. It alleges a written contract of purchase and sale of real property under the conditions as hereinabove stated. The complaint alleges the repudiation of the contract by the purchasers, the refusal of the appellant seller to accept such repudiation and demand for the purchase price.

The second cause of action involves a contract between the appellant and the respondent realtor and is addressed solely to the realtor. This is a separate contract although embodied in the same written instrument as the contract between the appellant seller and the purchasers. Under that contract the seller agrees to pay the agent realtor the sum of $4,000 or one-half the deposit in case the same is forfeited by the purchasers, provided the same shall not exceed the full amount of the commission. The purchasers had deposited $6,400 with the realtor under the provisions of their contract which authorized the seller to retain the sum deposited in the event of their repudiation of the contract. The complaint alleges that the purchasers did repudiate their contract and that notwithstanding the fact that plaintiff (appellant) had refused to accept said repudiation, said realtor without the consent or authority of the appellant seller repaid said deposit to the purchasers, and that the seller was thereby damaged in the sum of $6,400.

The contract with the realtor is separate and apart from the contract between appellant seller and the purchasers and one does not depend upon the other. This is evidenced by the rule that in an action by the broker against the seller for his commission this cause of action does not depend upon the seller having completed the deal with the buyer. (*Fry* v. *George Elkins Co.*, 162 Cal.App.2d 556 [327 P.2d 905].) Appellant was not compelled to sue the purchasers at all. Without pursuing any action against them, he would have had his cause of action against the realtor. (*Holloway* v. *Thiele, supra.*)

The third cause of action is merely a cause of action by a principal against his agent, in this case a real estate broker, for violation of the fiduciary obligation owed by the realtor to him. It is obvious that it is wholly separate and apart from the first cause of action.

Although the judgment is now final as to the Giannonis,

it is not final as to the other respondents since the issue adjudicated by the judgment in favor of the Giannonis are not identical with the issues presented in the causes of action against the realtor. As stated in *Bernhard* v. *Bank of America,* 19 Cal.2d 807, at page 813 [122 P.2d 892] : "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?"

Respondents' motion to dismiss the appeal is denied, and the judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.