DENVER 1500, INC., a Colorado Corporation, Plaintiff-Appellant,

and

Winger Real Estate Company, Involuntary Plaintiff-Appellant,

v.

William H. WALL, Jr., Richard H. Rossmiller, and J. Timothy Byrne, Individually and d/b/a Blackhawk Enterprises, a partnership, Defendants-Appellees.

No. 78–813.

Colorado Court of Appeals, Div. I.

Oct. 18, 1979.

Tague, Goss, Schilken & Beem, P.C., Clifford L. Beem, William A. Cohan, Denver, for plaintiffs-appellants.

Wehrle & Eggleston, Durant D. Davidson, Denver, for defendants-appellees.

COYTE, Judge.

Plaintiff appeals from a judgment denying its recovery in a suit for a real estate commission. We affirm.

Defendants listed their property for sale with plaintiff, a licensed real estate broker. It found a purchaser who signed an agreement to buy the property by assuming the existing incumbrances on the property as the total purchase price. At the bottom of the contract form was a separate agreement wherein defendants agreed to pay a 7% commission to plaintiff on the gross sales price of the property. There was typed above defendants' signature, "Commission shall be paid in cash at closing."

The transaction was set for closing, but defendants were unable to raise the necessary cash to pay the broker's fee. Two days prior to the next closing date, plaintiff's employee advised defendants "not to appear at the closing unless they came up with cash or certified funds." Defendants did not appear at the closing, and when called by plaintiff's employee, defendants advised him that they did not have cash or certified funds with which to pay the commission. Defendants attempted to negotiate a method of payment of the commission, but none of the proposals were acceptable to plaintiff.

At the conclusion of the trial, the trial court found, on supporting evidence, that plaintiff had prevented the closing, and thus, was not entitled to a commission.

■ Plaintiff cites a number of cases to the effect that, where the broker has found a buyer ready, willing, and able to buy, the seller cannot defeat the right of the broker to a commission by failing to consummate the transaction. Here, however, the completion of the sale was not prevented through any fault of the defendants but because the broker told defendants "not to appear at the closing unless they came up with cash or certified funds." Thus plaintiff itself thwarted the closing which would have entitled it to a commission. Hence, plaintiff is not entitled to a commission. See § 12–61–201, C.R.S.1973.

■ We reject plaintiff's argument that there was one contract and that defendants breached the contract by not appearing at the closing with sufficient funds to pay the commission. As stated in *Lyons v. Giannoni*, 168 Cal.App.2d 336, 335 P.2d 690:

"The contract with the realtor is separate and apart from the contract between the appellant seller and the purchasers and one does not depend upon the other."

Judgment affirmed.

SILVERSTEIN and KELLY, JJ., concur.