**RE/MAX SUBURBAN, INC., a Colorado Corporation, Plaintiff-Appellee,**

v.

**Sonia F. WIDENER, Defendant-Appellant.**

**No. 80CA0575.**

Colorado Court of Appeals, Div. I.

Aug. 13, 1981.

Polidori & Rasmussen, Gary L. Polidori, Lakewood, for plaintiff-appellee.

Arthur R. Karstaedt, III, Denver, for defendant-appellant.

COYTE, Judge.

From a judgment in favor of plaintiff for a real estate commission, defendant appeals. We reverse.

Defendant listed property owned by her with plaintiff real estate company. This listing agreement provided:

"I hereby grant said broker the exclusive and irrevocable right to sell the same within said time at the price and on the terms herein stated, or at such other price and terms which may be accepted by me . . . ."

Two offers were made by the same party to defendant but she either did not accept or did not make a counter-offer to either. A third offer was made to defendant which she refused. The salesman went to defendant's home and required her to write "refused" on the offer. Defendant apparently was incensed by the attempts of the buyer to obtain a better deal than she was willing to make. Finally, this same buyer made an offer to plaintiff on the exact terms of the listing agreement. Defendant was given three days in which to accept the offer to purchase.

Defendant was staying with a third party at the time she listed her property with plaintiff and this third party participated in the discussion when the property was listed. When the salesman for the broker received this final offer he attempted to get in touch with defendant by calling her place of employment, leaving word for her to call him. He also called her residence where the third party answered the phone. The salesman then requested him to tell defendant of the offer. Defendant contends that she did not receive the message.

Upon expiration of the three-day period, the broker contended that a buyer ready, willing, and able to purchase defendant's property under the terms of the listing agreement had been found and that it had been thwarted from closing because of defendant's refusal to close the transaction. Defendant contends she was not advised of the offer and that she is not liable to plaintiff for a commission. We agree that no commission is due.

Section 12–61–201, C.R.S. 1973, provides: "No real estate agent or broker is entitled to a commission for finding a purchaser who is ready, willing, and able to complete the purchase of real estate as proposed by the owner until the same is consummated or is defeated by the refusal or neglect of the owner to consummate the same as agreed upon."

Here, on conflicting evidence, the trial court found that the defendant had received the message that plaintiff had found a buyer ready, willing, and able to buy defendant's property on her terms. However, the listing agreement required more. It provided for the exclusive right to sell the property, not just to find a buyer, and thus, in addition to notifying defendant of the proposed buyer, the plaintiff had the further duty to submit the proposed contract to the defendant for her inspection and signature.

Plaintiff's salesman testified unequivocally that he made no effort to deliver the contract to the defendant or obtain her signature on the contract, and there was no showing or finding that defendant had secreted herself or made herself unavailable to receive the proposed contract. Thus, it is apparent that the sale was not closed because of the fault of the broker and not through any fault of the defendant. *See Denver 1500, Inc. v. Wall*, Colo., 602 P.2d 903 (1979).

Judgment reversed.

STERNBERG and KIRSHBAUM, JJ., concur.