[L. A. No. 18057. In Bank. Mar. 6, 1942.]

HELEN BERNHARD, as Administratrix, etc., Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAV. INGS ASSOCIATION (a National Banking Association), Respondent.

Joseph Brenner for Appellant.

Louis Ferrari, Edmund Nelson and G. L. Berrey for Respondent.

TRAYNOR, J.—In June, 1933, Mrs. Clara Sather, an elderly woman, made her home with Mr. and Mrs. Charles

O. Cook in San Dimas, California. Because of her failing health, she authorized Mr. Cook and Dr. Joseph Zeiler to make drafts jointly against her commercial account in the Security First National Bank of Los Angeles. On August 24, 1933, Mr. Cook opened a commercial account at the First National Bank of San Dimas in the name of "Clara Sather by Charles O. Cook." No authorization for this account was ever given to the bank by Mrs. Sather. Thereafter, a number of checks drawn by Cook and Zeiler on Mrs. Sather's commercial account in Los Angeles were deposited in the San Dimas account and checks were drawn upon that account signed "Clara Sather by Charles O. Cook" to meet various expenses of Mrs. Sather.

On October 26, 1933, a teller from the Los Angeles Bank called on Mrs. Sather at her request to assist in transferring her money from the Los Angeles Bank to the San Dimas Bank. In the presence of this teller, the cashier of the San Dimas Bank, Mr. Cook, and her physician, Mrs. Sather signed by mark an authorization directing the Security First National Bank of Los Angeles to transfer the balance of her savings account in the amount of $4,155.68 to the First National Bank of San Dimas. She also signed an order for this amount on the Security First National Bank of San Dimas "for credit to the account of Mrs. Clara Sather." The order was credited by the San Dimas Bank to the account of "Clara Sather by Charles O. Cook." Cook withdrew the entire balance from that account and opened a new account in the same bank in the name of himself and his wife. He subsequently withdrew the funds from this last mentioned account and deposited them in a Los Angeles Bank in the names of himself and his wife.

Mrs. Sather died in November, 1933. Cook qualified as executor of the estate and proceeded with its administration. After a lapse of several years he filed an account at the instance of the probate court accompanied by his resignation. The account made no mention of the money transferred by Mrs. Sather to the San Dimas Bank; and Helen Bernhard, Beaulah Bernhard, Hester Burton, and Iva LeDoux, beneficiaries under Mrs. Sather's will, filed objections to the account for this reason. After a hearing on the objections the court settled the account, and as part of its order declared that

the decedent during her lifetime had made a gift to Charles O. Cook of the amount of the deposit in question.

After Cook's discharge, Helen Bernhard was appointed administratrix with the will annexed. She instituted this action against defendant, the Bank of America, successor to the San Dimas Bank, seeking to recover the deposit on the ground that the bank was indebted to the estate for this amount because Mrs. Sather never authorized its withdrawal. In addition to a general denial, defendant pleaded two affirmative defenses: (1) that the money on deposit was paid out to Charles O. Cook with the consent of Mrs. Sather and (2) that this fact is res judicata by virtue of the finding of the probate court in the proceeding to settle Cook's account that Mrs. Sather made a gift of the money in question to Charles O. Cook and "owned no sums of money whatsoever" at the time of her death. Plaintiff demurred to both these defenses, and objected to the introduction in evidence of the record of the earlier proceeding to support the plea of res judicata. She also contended that the probate court had no jurisdiction to pass upon Cook's ownership of the money because the executor resigned before the filing of the objections. This last contention was answered before judgment was entered, by the decision of this court in *Waterland* v. *Superior Court,* 15 Cal. (2d) 34 [98 Pac. (2d) 211], holding that the probate court has jurisdiction in such a situation. The trial court overruled the demurrers and objection to the evidence, and gave judgment for defendant on the ground that Cook's ownership of the money was conclusively established by the finding of the probate court. Plaintiff has appealed, denying that the doctrine of res judicata is applicable to the instant case or that there was a valid gift of the money to Cook by Mrs. Sather.

Plaintiff contends that the doctrine of res judicata does not apply because the defendant who is asserting the plea was not a party to the previous action nor in privity with a party to that action and because there is no mutuality of estoppel.

[1] The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action. (See cases cited in 2 Freeman, Judgments (5th ed.) sec. 627; 2 Black,

Judgments (2d ed.), sec. 504; 34 C. J. 742 et seq.; 15 Cal. Jur. 97.) The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. (See cases cited in 38 Yale L. J. 299; 2 Freeman, Judgments (5th ed.), sec. 626; 15 Cal. Jur. 98.) The doctrine also serves to protect persons from being twice vexed for the same cause. (*Ibid.*) It must, however, conform to the mandate of due process of law that no person be deprived of personal or property rights by a judgment without notice and an opportunity to be heard. (*Coca Cola Co. v. Pepsi Cola Co.*, 36 Del. 124 [172 Atl. 260]. See cases cited in 24 Am. and Eng. Encyc. (2d ed.), 731; 15 Cinn. L. Rev. 349, 351; 82 Pa. L. Rev. 871, 872.)

 Many courts have stated the facile formula that the plea of res judicata is available only when there is privity and mutuality of estoppel. (See cases cited in 2 Black, Judgments (2d. ed.), secs. 534, 548, 549; 1 Freeman, Judgments (5th ed.), secs. 407, 428; 35 Yale L. J. 607, 608; 34 C. J. 973, 988.) Under the requirement of privity, only parties to the former judgment or their privies may take advantage of or be bound by it. (*Ibid.*) A party in this connection is one who is "directly interested in the subject matter, and had a right to make defense, or to control the proceeding, and to appeal from the judgment." (1 Greenleaf, Evidence (15th ed.), sec. 523. See cases cited in 2 Black, Judgments (2d ed.), sec. 534; 15 R. C. L. 1009*; 9 Va. L. Reg. (N.S.) 241, 242; 15 Cal. Jur. 190; 34 C. J. 992.) A privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase. (See cases cited in 2 Black, Judgments (2d ed.), sec. 549; 35 Yale L. J. 607, 608; 34 C. J. 973, 1010, 1012; 15 R. C. L. 1016.*) [3] The estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him. (See cases cited in 2 Black, Judgments (2d ed.), sec. 534, 548; 1 Freeman, Judgments (5th ed.), sec. 428; 35 Yale L. J. 607, 608; 34 C. J. 988; 15 R. C. L. 956.*)

 The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for

determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. (*Coca Cola Co.* v. *Pepsi Cola Co., supra.* See cases cited in 24 Am. & Eng. Encyc. (2d ed) 731; 15 Cinn. L. Rev. 349, 351; 82 Pa. L. Rev. 871, 872.) He is bound by that litigation only if he has been a party thereto or in privity with a party thereto. (*Ibid.*) There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.

No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend. (See 7 Bentham's Works (Bowring's ed.) 171.) Many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. (*Coca Cola Co.* v. *Pepsi Cola Co., supra; Liberty Mutual Insur. Co.* v. *George Colon & Co.,* 260 N. Y. 305 [183 N. E. 506]; *Atkinson* v. *White,* 60 Me. 396; *Eagle etc. Insur. Co.* v. *Heller,* 149 Va. 82 [140 S. E. 314, 57 A. L. R. 490]; *Jenkins* v. *Atlantic Coast Line R. Co.,* 89 S. C. 408 [71 S. E. 1010]; *United States* v. *Wexler,* 8 Fed. (2d) 880. See *Good Health Dairy Food Products Corp.* v. *Emery,* 275 N. Y. 14 [9 N. E. (2d) 758, 112 A. L. R. 401].) The commentators are almost unanimously in accord. (35 Yale L. J. 607; 9 Va. L. Reg. (N. S.) 241; 29 Ill. L. Rev. 93; 18 N. Y. U. L. Q. R. 565, 570; 12 Corn. L. Q. 92.) The courts of most jurisdictions have in effect accomplished the same result by recognizing a broad exception to the requirements of mutuality and privity, namely, that they are not necessary where the liability of the defendant asserting the plea of res judicata is dependent upon or derived from the liability of one who was exonerated in an earlier suit brought by the same plaintiff upon the same facts. (See cases cited in 35 Yale L. J. 607, 610; 9 Va. L. Reg. (N. S.) 241, 245-247; 29 Ill. L. Rev. 93, 94; 18 N. Y. U. L. Q. R. 565, 566-567; 34 C. J. 988-989.) Typical examples of such derivative liability are master and servant, principal and agent, and indemnitor and indemnitee. Thus, if a plaintiff sues a servant for injuries caused by the

servant's alleged negligence within the scope of his employment, a judgment against the plaintiff on the grounds that the servant was not negligent can be pleaded by the master as res judicata if he is subsequently sued by the same plaintiff for the same injuries. Conversely, if the plaintiff first sues the master, a judgment against the plaintiff on the grounds that the servant was not negligent can be pleaded by the servant as res judicata if he is subsequently sued by the plaintiff. In each of these situations the party asserting the plea of res judicata was not a party to the previous action nor in privity with such a party under the accepted definition of a privy set forth above. Likewise, the estoppel is not mutual since the party asserting the plea, not having been a party or in privity with a party to the former action, would not have been bound by it had it been decided the other way. The cases justify this exception on the ground that it would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries.

In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? *Estate of Smead,* 219 Cal. 572 [28 Pac. (2d) 348]; *Silva* v. *Hawkins,* 152 Cal. 138 [92 Pac. 72], and *People* v. *Rodgers,* 118 Cal. 393 [46 Pac. 740, 50 Pac. 668], to the extent that they are inconsistent with this opinion, are overruled.

In the present case, therefore, the defendant is not precluded by lack of privity or of mutuality of estoppel from asserting the plea of res judicata against the plaintiff. Since the issue as to the ownership of the money is identical with the issue raised in the probate proceeding, and since the order of the probate court settling the executor's account was a final adjudication of this issue on the merits (Prob. Code, sec. 931 [formerly Code Civ. Proc., sec. 1637]; see cases cited in 12 Cal. Jur. 62, 63; 15 Cal. Jur. 117, 120), it remains only to determine whether the plaintiff in the present action was a party or in privity with a party to the earlier proceeding. The plaintiff has brought the present action in the capacity of administratrix of the estate. In this capacity she represents the very same persons and interests that were represented in the earlier hearing on the executor's account. In

that proceeding plaintiff and the other legatees who objected to the executor's account represented the estate of the decedent. They were seeking not a personal recovery but, like the plaintiff in the present action, as administratrix, a recovery for the benefit of the legatees and creditors of the estate, all of whom were bound by the order settling the account. (Prob. Code, sec. 931. See cases cited in 12 Cal. Jur. 62, 63.) The plea of res judicata is therefore available against plaintiff as a party to the former proceeding, despite her formal change of capacity. "Where a party though appearing in two suits in different capacities is in fact litigating the same right, the judgment in one estops him in the other." (15 Cal. Jur. 189; *Williams* v. *Southern Pacific Co.*, 54 Cal. App. 571 [202 Pac. 356]; *Stevens* v. *Superior Court*, 155 Cal. 148 [99 Pac. 512]; *Estate of Bell*, 153 Cal. 331 [95 Pac. 372]. See *Chicago, R. & I. R. R. Co.* v. *Schendel*, 270 U. S. 611 [46 S. Ct. 420, 70 L. Ed. 757]; *Sunshine A. Coal Co.* v. *Adkins*, 310 U. S. 381, 401 et seq. [60 S. Ct. 907, 84 L. Ed. 1263]; *Lee Co.* v. *Federal Trade Com.*, 113 Fed. (2d) 583; and cases cited in 16 N. Y. U. L. Q. R. 158, 159; 38 Yale L. J. 299, 310; 54 Harv. L. Rev. 890.)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Houser, J., and Carter, J., concurred.

Appellant's petition for a rehearing was denied April 2, 1942.