Hillsborough,
No. 4222.

STATE *v.* ALBERT A. HENTSCHEL.

Argued December 1, 1953.

Decided December 21, 1953.

*Louis C. Wyman*, Attorney General, *Elmer T. Bourque*, Law Assistant and *Conrad Danais*, county solicitor, (*Mr. Bourque* orally), for the State.

*William H. Craig* and *James B. Sullivan* (*Mr. Craig* orally), for the defendant.

KENISON, C. J. This prosecution was instituted under the provisions of R. L., *c.* 441, *s.* 14, as amended by Laws 1949, *c.* 256, *s.* 1, "AN ACT RELATING TO OBSCENE LITERATURE, PICTURES AND ARTICLES" which reads as follows: "14. PUBLICATIONS, POSSESSION, ETC. No person shall print, sell, lend, give or show to any other person, nor have in his possession or control with intent to sell, lend, give to, show to, any other person, any obscene or lewd or lascivious thing, object, book, pamphlet, magazine, newspaper, print or picture and no person shall circulate, display or post any advertisement of any such thing, object, literature or picture or cause it to be done." This appeal does not involve the question whether the magazine "Gala" is or is not obscene within the meaning of *s.* 14, nor does it involve the question whether the magazine is obscene under the statutory definition of obscenity contained in the novel statute passed by the 1953 Legislature. Laws 1953, *c.* 233. The sole issue in this case is whether the prior acquittal of the distributor of this magazine is *res judicata* of the present prosecution.

The defendant is correct in his contention that the doctrine of *res judicata* applies to criminal proceedings as well as civil proceedings. *United States* v. *Oppenheimer*, 242 U. S. 85, 87; Anno. 147 A. L. R. 991. See *State* v. *Corron*, 73 N. H. 434, 448. Merely

because the defendant is protected by the constitutional safeguard against being placed twice in jeopardy for the same offense the N. H. Const., Pt. I, *Art.* 16th, does not operate to prevent the application of the doctrine of *res judicata* if its constituent elements are present. *Sealfon* v. *United States*, 332 U. S. 575.

The defendant relies on *People* v. *Parelli*, 93 Misc. 692; 158 N. Y. S. 644, which was a prosecution for the violation of a city ordinance which required a permit to sell newspapers at a certain place. A decision by another magistrate in a former prosecution for committing the same act at the same place under the same circumstances that the act did not constitute a violation of the law, was held to be *res judicata* and binding in the subsequent prosecution. The vital distinction between the *Parelli* case and the present case is evident since in the former the same defendant was involved in both prosecutions while in the latter there are two different defendants. "A prior conviction or acquittal ordinarily has no effect upon a prosecution of a different defendant even though both prosecutions were based on the same criminal activity. This is necessary because the guilt of the second defendant depends on proof of his own illegal activity and intent." Note, Developments in the Law—Res Judicata, 65 Harv. L. Rev. 818, 876 (1952). If the distributor of this magazine had been convicted, his conviction could not be used against this defendant who was not involved because he has a constitutional right to be confronted by all witnesses. *Commonwealth* v. *Tilley*, 327 Mass. 540. It is the general rule that the acquittal of one person cannot be pleaded as a bar to the prosecution of another. *Commonwealth* v. *Sabean*, 275 Mass. 546; *State* v. *Murray*, 238 Iowa 861; *Commonwealth* v. *Coontz*, 288 Pa. 74. There may be special circumstances where the crime involves concerted activity that the general rule does not apply. An example of this is where the acquittal of all but one party to a conspiracy will bar the prosecution of the remaining conspirator (*United States* v. *Austin-Bagley Corp.*, 31 F. (2d) 229, 233), but it is clear that none of these special circumstances are applicable to the present case.

The defendant argues that the prosecution in this case should be regarded as an *in rem* proceeding and that the determination made therein should be binding on all the world. It is plain that the statute punishing the possession and distribution of obscene literature involves solely the punishment of individuals rather than the forfeiture of obscene literature. The fact that the same mag-

azine is involved in the prosecution of different individuals does not convert the criminal action from a proceeding against the person into one *in rem*. The doctrine of *res judicata* has no application to the facts of the present case and the motion to quash the complaint was properly denied. *People* v. *Creegan,* 121 Cal. 554; 2 Freeman, Judgments (5th *ed.*), *s.* 648.

*Exception overruled.*

All concurred.