[Crim. No. 213.    Fifth Dist.    Feb. 24, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. BARNEY DEAN BARNES, Defendant and Appellant.

Hoover, Lacy & Bienvenu and Robert C. Bienvenu for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and David L. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

BROWN (R. M.), J.—The defendant appeals from a judg-

ment entered pursuant to a conviction by a jury for perjury, and contends: (1) that the doctrine of collateral estoppel applies so as to bar prosecution; (2) error in giving and refusing to give instructions; (3) that inadmissible evidence was admitted; (4) insufficiency of the evidence to support the verdict; and (5) that the trial court erred in permitting the prosecution to reopen its case in chief.

On April 20, 1964, the residence of one Marie Roen in Waterford, California, was burglarized. The burglary was allegedly committed by the defendant in this action, one Albert Shaw and one Donald Tittsworth. Tittsworth pleaded guilty. Shaw was granted immunity from prosecution. This defendant was tried by a jury in the superior court, Stanislaus County, California, on November 23, 1964, and was acquitted. At that trial Shaw was a prosecution witness; Tittsworth did not testify; and the defendant testified in his own behalf.

In this perjury case the information alleged, in pertinent part, that defendant on November 23, 1964, in an action then pending in the superior court, Stanislaus County, entitled *The People of the State of California* v. *Barney Dean Barnes,* "did then and there wilfully, knowingly, corruptly, falsely and feloniously and contrary to said oath, swear, take oath, say and give in evidence, among other things, answers to questions then and there propounded to him as a witness, as follows, to-wit:" The testimony which constitutes the alleged perjury with which defendant was charged is then set forth *ipsissimis verbis*. In substance, the defendant testified at the burglary trial that he did not drive around on April 20, 1964, with Mr. Shaw looking over the Roen residence; that he did not accompany Mr. Shaw and Mr. Tittsworth to the Roen home; that he did not commit a burglary with Mr. Shaw at any time; that there was not a projector and camera at his home on April 20th; that he did not at any time share any "loot" with Mr. Shaw and Mr. Tittsworth; that the only "loot" which was ever taken to his home was a cigarette lighter and brooch pin, which he did not know were the proceeds of a burglary.

At the trial on the perjury charge, Tittsworth and Shaw were prosecution witnesses. The defendant testified in his own behalf and again denied his participation in the burglary and denied possession of stolen property.

A jury found the defendant guilty of perjury; probation was denied; his motion for a new trial was denied; defendant was sentenced to state prison, and this appeal followed.

The defendant first contends that his acquittal in the prior trial barred his prosecution under the charge of perjury. His

argument runs that the same issue, namely, whether or not the appellant committed the burglary of the Roen residence, was twice presented to a jury, once as a burglary trial and once in the guise of a perjury trial; that, since one of the questions specified in the information was, "Did you commit a burglary with Mr. Shaw at any time," to which the defendant answered "No," the issue was whether defendant committed the burglary which issue had already been decided in his favor. Thus, it is said, the identical issue with the identical parties had been previously litigated in the superior court and the doctrine of collateral estoppel operates to bar prosecution in the perjury trial. Defendant relies upon *Frank* v. *Mangum*, 237 U.S. 309 [35 S.Ct. 582, 589-590, 59 L.Ed. 969], dealing with an appeal from an order of a federal district court refusing an application for a writ of habeas corpus, arising from an entirely different set of facts and procedures, for the proposition that the doctrine of collateral estoppel "is as applicable to the decisions of criminal courts as to those of civil jurisdiction." He also cites *Hoag* v. *New Jersey*, 356 U.S. 464 [78 S.Ct. 829, 2 L.Ed.2d 913], where it was stated that failure to apply the doctrine of collateral estoppel under some circumstances leads to "fundamental unfairness" in contravention of the constitutional mandate of due process. In discussing the *Hoag* case, the California Supreme Court, in *People* v. *Rosoto*, 58 Cal.2d 304, 328 [23 Cal.Rptr. 779, 373 P.2d 867], had this to say: "In any event, however, there is no constitutional prohibition against the state's prosecuting different offenses at consecutive trials even though they arose out of the same occurrence, unless such a course would lead to fundamental unfairness. (*Hoag* v. *New Jersey*, 356 U.S. 464, 467 et seq. [78 S.Ct. 829, 2 L.Ed.2d 913].) Under the facts of the present case, no showing of fundamental unfairness has been made.

"In the *Hoag* case the defendant, after being acquitted on charges of robbing three persons in a tavern, was indicted for robbing another person during the same occurrence. Under a New Jersey statute, each of the four robberies, though taking place on the same occasion, constituted a separate offense, and the United States Supreme Court held that under the facts of that case the defendant was not deprived of due process by consecutive trials. (P. 469 et seq.)

"The defendant in the *Hoag* case contended that the sole disputed issue in the previous trial related to his identification as a participant in the robberies and that his conviction was therefore barred by collateral estoppel. Pointing out that the

state had recognized the rule and considered its applicability to the facts of the case, the United States Supreme Court held that whether collateral estoppel is to be applied to successive prosecutions for the same act is a question for the state courts and does not involve a matter of federal due process. (P. 471 et seq.) ''

The law of this state must provide the answer. Under entirely different factual circumstances, the doctrine of collateral estoppel has been applied in criminal cases arising in the California courts (*People* v. *Beltran,* 94 Cal.App.2d 197, 202 et seq. [210 P.2d 238] ; *Oliver* v. *Superior Court,* 92 Cal.App. 94 [267 P. 764]), and has been considered and rejected in others (*People* v. *Rosoto, supra,* 58 Cal.2d 304, 327-329). But California had held that collateral estoppel is inapplicable to perjury cases. (*People* v. *Housman,* 44 Cal.App.2d 619 [112 P.2d 944].) In *Housman,* at pages 623-624, the appellate court quoted the underlying and sound reason therefor as stated in the leading case of *People* v. *Niles,* 300 Ill. 458 [133 N.E. 252, 37 A.L.R. 1284], as follows: '' 'Justice cannot be administered through a system of courts unless there can be some assurance that the finding of the court is based upon testimony truthfully given. Any rule which tends to encourage the giving of false testimony threatens the peaceable and commendable settlement of controversies by the courts. The general proposition that one can escape punishment for perjury because he succeeded in inducing a jury to credit his false testimony is supported neither by authority nor by reason. If he could, then it follows that the law encourages parties—particularly defendants in criminal cases—to perjure themselves. We must declare that the law is guilty of no such folly. An accused's immunity from punishment for crime must not be made to depend upon the accomplishment of his acquittal in one prosecution by committing the crime for which he claims immunity. It is furthermore the policy of the law that judicial proceedings and judgments shall be fair and free from fraud, and that litigants and parties be encouraged, when sworn as witnesses, to tell the truth, and that they be punished if they do not. The authorities seem now to be unanimous in holding that an acquittal of one charged with crime is no bar to a prosecution for perjury for false testimony given by him at the trial. (Citing numerous cases.)' ''

Strong language is contained in the case of *Jay* v. *State,* 15 Ala.App. 255 [73 So. 137, 139], also relied upon in *Housman,* where the court said: ''It would be a monstrous doctrine to

hold that a person could go into a court of justice and by perjured testimony secure an acquittal, and because acquitted he could not be tried for his perjury; this would be putting a premium upon perjury and allowing a scoundrel to take advantage of his own wrong. Public policy does not guaranty immunity to criminals, and that is just what we are asked to do in extending the doctrine of res judicata to perjury.''

█ To apply collateral estoppel would only immunize him from the crime of perjury and reward his falsehood. Thus, the doctrine of collateral estoppel is not available to the defendant in a prosecution for perjury.

Defendant next contends that the trial court erre'd in refusing to give his proffered instructions which would have told the jury that the testimony of an accomplice should be viewed with distrust. It is argued that Tittsworth and Shaw were accomplices in the original burglary; and it is conceded that they were not accomplices in the offense of perjury. Defendant points out that an accomplice is defined by Penal Code section 1111 as ''one who is liable to prosecution for the identical offense charged against the defen'dant on trial in the cause in which the testimony of the accomplice is given.'' In view of the concession it is difficult to follow the argument. █ As a matter of statutory law, Tittsworth and Shaw were not accomplices of the defendant insofar as the perjury prosecution was concerned. There is no suggestion that they, or either of them, encouraged or assisted the defendant in the offense (*Melton* v. *State*, 106 Tex.Crim.Rep. 240 [291 S.W. 904]); nor is it suggested that they entered into a corrupt agreement with the defendant to swear falsely (*People* v. *Phillips*, 56 Cal.App. 291 [205 P. 40]); nor is it suggested that they participated in the offense in any other manner. The testimony given by the defendant at the burglary trial was unaide'd in conception or execution by either Tittsworth or Shaw. (See *People* v. *Layman*, 117 Cal.App. 476 [4 P.2d 244].)

We conclude that the trial judge properly refused to give the cautionary instruction.

█ As a part of his argument on this point, defendant seems to attack the credibility of Tittsworth and Shaw, their motivations in testifying, and the weight to be given to such testimony. These arguments are properly addressed to the fact-finding entity in the trial court, but are valueless to a reviewing court. (*People* v. *Hillery*, 62 Cal.2d 692, 702, 703 [44 Cal. Rptr. 30, 401 P.2d 382]; *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].)

Defendant next asserts that the trial judge erred in instructing the jury that they could find the defendant guilty of perjury if they found that he had lied at the first trial in answering the following question: "Did you commit a burglary with Mr. Shaw at any time?" No transcript reference is given and the clerk's transcript fails to disclose such an instruction so limited. As the People point out, the contention is devoid of record support.

■ Defendant next asserts as error the reception into evidence of testimony of Mrs. Marie Roen relating to the burglary of her home. It is contended that the defendant stipulated that a burglary occurred at Mrs. Roen's home which removed that issue from the trial. Defendant argues that the only purpose of permitting Mrs. Roen to testify "was to create a picture of an elderly widow, living alone, who was victimized by hoodlums, her house torn up, and her prized possessions of great sentimental value taken, some of which were never recovered." The stipulation that a burglary occurred took only the fact that a burglary was committed out of the case. There remained issues framed by the information as to whether defendant had a projector and camera at his home; whether he ever shared any "loot" with Shaw and Tittsworth and whether any "loot" was ever taken to his home. Mrs. Roen identified several items which were placed in the appellant's possession. Her testimony supplied the link between the articles found in the defendant's possession and the burglary of her home. It thus was testimony of an incidental fact which provided a link in the chain of evidence which tended to establish the main fact in issue and was therefore properly admitted. (*People* v. *Kristy,* 111 Cal. App.2d 695, 709 [245 P.2d 547]; *People* v. *Billings,* 34 Cal.App. 549, 552 [168 P. 396]; Witkin, Cal. Evidence (1958) § 111, p. 132.)

■ Defendant's claim that the evidence is insufficient to support the verdict is predicated upon his argument that Tittsworth and Shaw should be viewed as accomplices of the defendant. It is argued that the conviction rests solely on his denial of a commission of the burglary and of having and sharing the proceeds from that burglary; and that the only evidence introduced to contradict this was the testimony of Shaw and Tittsworth. It is not suggested that the testimony of Shaw and Tittsworth is insufficient to sustain the verdict and judgment. Penal Code section 1103a establishes the quantum of proof required for a perjury conviction as follows: "Perjury must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances." In this case both Shaw

and Tittsworth testified to a state of facts contrary to the sworn testimony of the defendant in the prior burglary trial. In addition, several prosecution witnesses testified to the corroborating circumstances of possession by the defendant of some of the stolen property. The evidence of guilt is not only substantial; it is overwhelming. The claim is devoid of merit.

Defendant lastly charges that the trial judge abused his discretion in permitting the prosecution to reopen its case in chief to permit Tittsworth to testify. The circumstances as shown by the record are these: Tittsworth was called as a prosecution witness during the prosecution's case in chief but refused, without giving legal excuse, to take the oath or to testify. He was held in contempt of court and returned to jail. The prosecution then completed its case and rested. Out of the presence of the jury, the defense made and argued various motions, including a motion for an advisory verdict. Later on the same day Tittsworth was returned to court and sentence for the contempt was imposed. The following morning, *before the defense commenced its case*, the prosecution made a motion to reopen to permit Tittsworth to testify, which motion was granted. This witness then testified against the defendant. The defense then put on its evidence. Subsequently the court set aside the sentence imposed upon Tittsworth for the contempt.

The defendant recognizes the rule that the trial court is vested with broad discretion in permitting a litigant to reopen, and cites *People* v. *Kennedy*, 48 Cal.App. 545 [192 P. 556], and *People* v. *Hamil*, 73 Cal.App. 649, 654 [238 P. 1075], but nevertheless makes a bald charge of error. No argument in support of the contention is made. The thesis of the complaint is said to be ''that the trial court's sentencing of Mr. Tittsworth during the course of appellant's trial was indirect coercion in that it gave the local authorities an opportunity to exert pressure on the witness to testify. That such pressure was exerted was apparent from the fact that he did testify and then was immediately relieved of his sentence.''

Penal Code section 1331 specifically makes punishable by the court as a contempt the refusal of a person called as a witness to be sworn or to testify. There was no punishment placed on Tittsworth for refusing to testify in any particular manner but for refusing to be sworn as a witness or to testify at all. As the People point out, the only prejudice which the defendant suffered was the prejudice which any defendant suffers when a witness testifies against him. Under the circumstances

here, it does not appear that there was any abuse of discretion.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1966. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.