[Civ. No. 8119.   Fourth Dist., Div. One.   Jan. 6, 1967.]

LORENE Dᴇ'NEEN O'CONNOR et al., Plaintiffs and Appellants, v. THOMAS S. O'LEARY et al., Defendants and Respondents.

Casey, McClenahan & Fraley and George R. McClenahan for Plaintiffs and Appellants.

John W. Holler, Higgs, Jennings, Fletcher & Mack, Higgs, Fletcher & Mack, Henry Pitts Mack, Wright & Toothacre and Edward M. Wright for Defendants and Respondents.

COUGHLIN, J.—Plaintiffs appeal from a judgment for defendants in a wrongful death action.

The issue on appeal is whether the trial court erroneously refused to apply the doctrine of collateral estoppel by judgment in favor of plaintiffs and against defendants on the issue of negligence.

On the evening of December 2, 1961, defendant Thomas O'Leary was employed by defendant Campus Drive-In Corporation as an attendant at the latter's theatre; Dennis O'Con-

nor was a patron of that theatre; and the two men engaged in an argument that developed into a fracas and culminated in the fatal stabbing of O'Connor by O'Leary. O'Leary was charged with the unlawful killing of O'Connor and was found guilty of the offense of involuntary manslaughter. Plaintiffs, as heirs of O'Connor, brought the instant action to recover damages on account of the latter's death, which they claim was caused by the negligence of and assault by O'Leary acting in the course of his employment by Campus Drive-In Corporation. The defendants in this action pled the defenses of contributory negligence and assumption of risk. At the trial plaintiffs invoked the doctrine of collateral estoppel by judgment to establish the negligence alleged in their complaint; contended the judgment of conviction in the manslaughter case was conclusive proof that O'Leary's conduct in stabbing O'Connor was negligence and a proximate cause of O'Connor's death; and claimed both O'Leary and Campus Drive-In Corporation were bound by this judgment. The trial court expressed the opinion the doctrine of collateral estoppel did not apply to this case; refused admission of evidence showing the prior conviction for this purpose; and rejected instructions applying the doctrine.[1]

The doctrine of collateral estoppel by judgment is a specific aspect of the general doctrine of res judicata (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 810 [122 P.2d 892]; *Todhunter* v. *Smith,* 219 Cal. 690, 695 [28 P.2d 916]); decrees that any issue necessarily decided in the litigation of a cause of action finally determined by a court of competent jurisdiction "is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action" (*Bernhard* v. *Bank of America, supra,* 19 Cal.2d 807, 810); may be asserted by a stranger to the prior litigation wherein such issue was determined (*Ibid.* p. 813); and authorizes use of a judgment of conviction in a criminal

---

[1] The order of the trial court refusing admission of the file in the criminal case, offered in evidence by plaintiffs, is sustainable on grounds other than rejection of the doctrine of collateral estoppel because the file includes immaterial, irrelevant and hearsay matters, e.g., a detailed report by the probation officer respecting the circumstances involved in the stabbing and O'Leary's qualifications for probation. Likewise, the instructions presenting the doctrine of collateral estoppel were objectionable in other particulars. Nevertheless, the expressed attitude of the court establishes it would not have permitted introduction of any evidence to establish the collateral estoppel nor have instructed on that doctrine even though the evidence offered and instructions requested were proper in other particulars.

case to preclude relitigation of an issue necessarily decided therein against the defendant who is a party to subsequent litigation in a civil case. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.,* 58 Cal.2d 601, 604-605 [25 Cal.Rptr. 559, 375 P.2d 439].)

Plaintiffs contend the issues of negligence and proximate cause presented by their complaint were decided adversely to defendant O'Leary in the manslaughter case; that, under the foregoing rules, he was estopped to relitigate those issues in the instant case; and defendant Campus Drive-In Corporation is subject to the same estoppel because it was in privity with O'Leary.

Defendant Campus Drive-In Corporation was not a party to the manslaughter action. The fact that at the time of the stabbing O'Leary was an employee of the corporation, and was acting within the scope of his employment under the rule of *respondeat superior,* does not constitute it a party in privity with him. (*Minton* v. *Cavaney,* 56 Cal.2d 576, 581 [15 Cal.Rptr. 641, 364 P.2d 473]; *Bernhard* v. *Bank of America, supra,* 19 Cal.2d 807, 811, 812-813.)

Defendants contend, among other things, the doctrine of collateral estoppel as applied to the use of a judgment of conviction in a criminal case may be asserted by a stranger to that proceeding in a subsequent civil case only for defensive purposes, and not for offensive purposes. In support of this position they rely upon the decisions in *McDougall* v. *Palo Alto etc. School Dist.,* 212 Cal.App.2d 422, 428-430 [28 Cal.Rptr. 37], and *Nevarov* v. *Caldwell,* 161 Cal.App.2d 762, 765 [327 P.2d 111]. In response to this contention plaintiffs cite the decision in *Newman* v. *Larsen,* 225 Cal.App.2d 22 [36 Cal. Rptr. 883], where a conviction for the offense of assault with a deadly weapon was invoked offensively by the victim of the assault in a civil action for damages against the same defendant to foreclose relitigation of the issue of assault.

Prior to the decision in *Bernhard* v. *Bank of America, supra,* 19 Cal.2d 807, 810, collateral estoppel by judgment could be asserted only by a party to the action in which the judgment relied upon was obtained. The former rule was premised upon the requirement that the doctrine would not apply unless there was mutuality of estoppel. The decision in *Bernhard* eliminated this requirement.

We are of the opinion that application of the doctrine of collateral estoppel, absent the element of mutuality, is not dependent upon whether it is asserted offensively or defen-

sively, but upon whether, under the particular circumstances at hand, policy considerations restrict its use. Generally the objective of res judicata and its affiliate collateral estoppel, is to prevent "vexatious litigation with its attendant expense both to the parties and the public." (*Taylor* v. *Hawkinson*, 47 Cal.2d 893, 897 [306 P.2d 797].) ■ Where this objective will not be aided by application of these doctrines, and assertion thereof would "defeat the ends of justice or important considerations of policy," they may not be invoked. (*Greenfield* v. *Mather*, 32 Cal.2d 23, 35 [194 P.2d 1]; *Taylor* v. *Hawkinson, supra,* 47 Cal.2d 893, 897; *Guardianship of Di Carlo,* 3 Cal.2d 225, 235 [44 P.2d 562, 99 A.L.R. 990].) Thus, as a matter of policy, assertion of collateral estoppel, absent the element of mutuality, by different persons in separate actions for personal injuries against a single defendant has been denied. (*Price* v. *Atchison, T. & S.F. Ry. Co.,* 164 Cal.App.2d 400, 402-403 [330 P.2d 933]; *Nevarov* v. *Caldwell, supra,* 161 Cal.App.2d 762, 774-775 [327 P.2d 111].) Similarly, application of the doctrine was withheld in an action where its application "would create problems of unimaginable complexity in identifying the issues resolved by the prior judgments and drafting meaningful instructions to the jury." (*People* v. *Collins,* 242 Cal.App.2d 626, 634 [51 Cal.Rptr. 604].) Also as a matter of policy, a judgment entered on a plea of guilty may not be used as a basis for collateral estoppel. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra,* 58 Cal.2d 601, 604-606.) "Considerations of fairness to civil litigants and regard for the expeditious administration of criminal justice" dictates this conclusion. (*Ibid.*) ■ In the case at bench there are policy considerations supporting the position of the trial court declining to apply the doctrine. A trial on the issues of contributory negligence and assumption of risk required presentation of all of the evidence essential to a trial on the issue of negligence. The defendant Campus Drive-In Corporation was not estopped by the conviction of defendant O'Leary to urge the latter was not negligent. To invoke the doctrine of collateral estoppel under these circumstances would not effect the prevention of expense incident to relitigating the issue of negligence; would place the defendant Campus Drive-In Corporation in an unjustly disadvantageous position of asserting their employee's non-negligence in light of a previous judgment that he was negligent; would have a tendency to minimize the defenses of contributory negligence and assumption of risk because of the

nonapplicability of those defenses in the manslaughter action; and would result in unnecessarily complicated issues for determination by the jury. Refusal to apply the doctrine in the instant case did not deprive plaintiffs of any right. Application thereof would not have furthered its objective. On the other hand, its assertion would have tended to impede a just determination of the defendant Campus Drive-In Corporation's case and of defendant O'Leary's defenses of contributory negligence and assumption of risk.

The judgment is affirmed.

Brown (Gerald), P. J., and Finley, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 28, 1967.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.