[Crim. No. 4249. Fourth Dist., Div. One. Aug. 19, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM HENDERSON CAMP, Defendant and Appellant.

## COUNSEL

McInnis, Fitzgerald, Rees & Sharkey and Laurence Pillsbury for Defendant and Appellant.

James Don Keller, District Attorney, and Albert Wells, Deputy District Attorney, for Plaintiff and Respondent.

## OPINION

**COUGHLIN, J.**—This case comes before this court upon transfer after certification by the superior court following its affirmance on appeal of a judgment by the municipal court convicting defendant of the offense of failure to provide for his minor child. (Pen. Code, § 1471; rule 62, Cal. Rules of Court.) ▮ Defendant contested the issue of paternity. The trial court excluded all of his evidence on this issue under the doctrine of collateral estoppel by judgment in that previously he had been convicted in

another case, upon a plea of guilty, of failure to provide for the same child. The issue on appeal is whether this order of exclusion was error.

In California a conviction following trial upon a plea of not guilty in a case charging a defendant with failure to provide for his minor child, under the doctrine of collateral estoppel by judgment, is conclusive on the issue of paternity and precludes retrial of that issue in a subsequent action on a similar charge. (*People* v. *Majado,* 22 Cal.App.2d 323 [70 P.2d 1015] approved in *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co.,* 58 Cal.2d 601, 606 [25 Cal.Rptr. 559, 375 P.2d 439].) The prosecution contends the same rule applies where the conviction in the first case was upon a plea of guilty.

Pertinent to the issue is the statement by the Supreme Court in *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., supra,* 58 Cal.2d 601, 605-606, that: "A plea of guilty is admissible in a subsequent civil action on the independent ground that it is an admission. It would not serve the policy underlying collateral estoppel, however, to make such a plea conclusive. 'The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy.' (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 811 [122 P.2d 892].) 'This policy must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which fully to present his case.' (*Jorgensen* v. *Jorgensen,* 32 Cal.2d 13, 18 [193 P.2d 728].) When a plea of guilty has been entered in the prior action, no issues have been 'drawn into controversy' by a 'full presentation' of the case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation. Considerations of fairness to civil litigants and regard for the expeditious administration of criminal justice (see *Vaughn* v. *Jonas,* 31 Cal.2d 586, 594 [191 P.2d 432]) combine to prohibit the application of collateral estoppel against a party who, having pleaded guilty of a criminal charge, seeks for the first time to litigate his cause in a civil action."

Heretofore in *O'Connor* v. *O'Leary,* 247 Cal.App.2d 646, 650 [56 Cal. Rptr. 1], this court, in support of its conclusion the doctrine of collateral estoppel did not apply to every judgment of conviction, stated: "Also as a matter of policy, a judgment entered on a plea of guilty may not be used as a basis for collateral estoppel. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., supra,* 58 Cal.2d 601, 604-606.)" (See also *Arenstein* v. *California State Board of Pharmacy,* 265 Cal.App.2d 179, 189-191 [71 Cal.Rptr. 357].)

The public policy reasons for the rule excepting a conviction upon a plea of guilty from the doctrine of collateral estoppel by judgment

apply with equal force to its application in a subsequent criminal case as to its application in a subsequent civil case.

We believe the policy considerations stated in *Teitelbaum* supporting the exceptions are paramount, and dictate the limitation there noted that collateral estoppel may not be premised on a judgment of conviction based on a plea of guilty.

The judgment is reversed.

Brown (Gerald), P. J., and Whelan, J., concurred.