Opinion
KATZ, Acting P. J.
Defendants were charged in the Beverly Hills Municipal Court with exhibiting an obscene film, to wit, “Man and Wife.” It was stipulated that the same film was involved in a prior criminal prose *Supp. 54 cution entitled People v. Levine, in the Fresno Municipal Court; that an order of dismissal was entered therein after a pretrial on-the-merits determination that the film was not obscene (see People v. Noroff (1967) 67 Cal.2d 791 [63 Cal.Rptr. 575, 433 P.2d 479]); that the order was affirmed on appeal to the Appellate Division of the Superior Court of Fresno County; and that the decision therein was final. The trial court in the present case held that the People were precluded from litigating the issue of the alleged obscenity of the film by virtue of the prior Fresno adjudication, and dismissed the action. The People have appealed.
The doctrine of collateral estoppel provides that any issue necessarily decided in the litigation of a cause of action finally determined by a court of competent jurisdiction “is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action.” (Bernhard v. Bank of America (1942) 19 Cal.2d 807, 810 [122 P.2d 892].) It “applies to successive criminal trials.” (Teitelbaum Furs, Inc. v. Dominion Ins. Co. Ltd. (1962) 58 Cal.2d 601, 606 [25 Cal.Rptr. 559, 375 P.2d 439]. See also People v. Camp (1970) 10 Cal.App.3d 651, 653 [89 Cal.Rptr. 242]; People v. Joseph (1957) 153 Cal.App.2d 548, 551 [314 P.2d 1004]; People v. Beltran (1949) 94 Cal.App.2d 197, 203 [210 P.2d 238]; People v. Majado (1937) 22 Cal.App.2d 323, 326 [70 P.2d 1015].) Under the former rule requiring mutuality of estoppel, the doctrine would not have been available to the present defendants since they were not parties to the prior Fresno proceedings and would not have been bound by an adverse determination therein. However, in Bernhard v. Bank of America, supra, at page 813, the Supreme Court rejected the requirement of mutuality and indicated that three questions are “pertinent” in determining the validity of a plea of collateral estoppel: “Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?”
Although affirmative answers to aforesaid inquiries are afforded by the facts stipulated to by the parties in the present case, it does not follow that the doctrine of collateral estoppel is applicable. Subsequent cases have made it clear that the rule of the Bernhard case does not have universal application (Taylor v. Hawkinson (1957) 47 Cal.2d 893 [306 P.2d 797]; O’Connor v. O’Leary (1967) 247 Cal.App.2d 646 [56 Cal.Rptr. 1]; People v. Couins (l966) 242 Cal.App.2d 626 [51 Cal.Rptr. 604]; McDougall v. Palo Alto etc. School Dist. (1963) 212 Cal.App.2d 422 [28 Cal.Rptr. 37]; Price v. Atchison, T. & S.F. Ry. Co. (1958) 164 Cal.App.2d 400 [330 P.2d 933]; Nevarov v. Caldwell (1958) 161 Cal.App.2d 762 [327 P.2d *Supp. 55 111]; see Estate of Miller (1951) 104 Cal.App.2d 1, 17 [230 P.2d 667]), and that the doctrine of collateral estoppel is not to be applied automatically or rigidly. (Greenfield v. Mather (1948) 32 Cal,2d 23 , 35 [194 P.2d 1]; Estate of Charters (1956) 46 Cal.2d 227, 235-236 [293 P.2d 778]; Guardianship of Di Carlo (1935) 3 Cal.2d 225 [44 P.2d 562]; People v. Camp (1970) 10 Cal.App.3d 651 [89 Cal.Rptr. 242]; United States Fire Ins. Co. v. Johansen (1969) 270 Cal.App.2d 824 [76 Cal.Rptr. 174, 780]; People v. Barnes (1966) 240 Cal.App.2d 428 [49 Cal.Rptr. 470]; Thain v. City of Palo Alto (1962) 207 Cal.App.2d 173 [24 Cal.Rptr. 515]; Estate of Spinosa (1953) 117 Cal.App.2d 364, 368-370 [255 P.2d 843].) In other words, while Bernhard rejected the “facile formula” of want of mutuality as a basis for rejection of the defense of collateral estoppel, it did not establish an equally facile formula for application of the doctrine. (See Currie, Mutuality of Collateral Estoppel: Limits of the Bernhard Doctrine, 9 Stan. L. Rev. 281.)
Price v. Atchison, T. & S.F. Ry Co., supra, and Nevarov v. Caldwell, supra, considered application of the doctrine of collateral estoppel to the multiple negligence claim of several plaintiffs against a single defendant or group of defendants arising out of the same accident. Both cases denied application of the doctrine despite identity of the issue decided in the prior adjudication, to wit, defendant’s negligence, finality of that adjudication and defendants’ status as a party thereto. In Nevarov, the court stated: “As several commentators have pointed out, Bernhard, supra, if held applicable to such situations, means that the defendant who obtains a favorable judgment, or 10 of them, cannot use those judgments against other claimants .because the want of mutuality would spell absence of due process if the judgments were pleadable in bar or estoppel. But the plaintiff in the eleventh case is fortunate enough to establish liability and the defendant is confronted by a conclusive adjudication of its own negligence in the next 10 or 20 cases—this being due to the fact that mutuality is not necessary and it has had its day in court, in fact 11 of them (none of which resulted adversely except the eleventh). This looks like the scales of justice are weighted in favor of the plaintiff. That our Supreme Court meant no such lopsided justice seems reasonably plain from an examination of its rulings later than Bernhard, supra.” (161 Cal.App.2d 762, at p. 768.)
“It is a fair conclusion that the later rulings of that court evince no inclination to enlarge the application of Bernhard to dissimilar situations or to give it universal import.” (Nevarov, supra, at p. 772.)
More recently, in O’Connor v. O’Leary (1967) 247 Cal.App.2d 646, at pages 649-650 [56 Cal.Rptr. 1], it was said: “. . . application of the doctrine of collateral estoppel, absent the element of mutuality, is . . . *Supp. 56 dependent upon whether . . . , under the particular circumstances at hand, policy considerations restrict its use. Generally the objective of . . . collateral estoppel is to prevent ‘vexatious litigation . . .’ [citation]. Where this objective will not be aided by application of . . . [the doctrine], and assertion thereof would ‘defeat the ends of justice or important considerations of policy’, [it] may not be invoked.”
Whether the defense of collateral estoppel is available to a defendant in a criminal case who was not also a defendant in the prior criminal proceeding appears never to have been decided in California. In other jurisdictions, tihe authorities of which we are aware hold that the defense is not available. (Barnett v. Commonwealth (Ky. 1961) 348 S.W.2d 834; State v. Hentschel (1953) 98 N.H. 382 [101 A.2d 456]; United States v. Carlisi (E.D.N.Y. 1940) 32F.Supp. 479, 483; see Commonwealth v. Quaranta (1928) 295 Pa. 264 [145 A. 89, 91]; Annot., Modern Status of Doctrine of Res Judicata in Criminal Cases, 9 A.L.R.3d 203.) Our research discloses only two criminal cases in this state since Bernhard wherein the defense of collateral estoppel was urged in the absence of such mutuality, and in both cases the defense was refused. (People v. Collins (1966) 242 Cal.App.2d 626, 634 [51 Cal.Rptr. 604]; People v. Uptgraft (1970) 8 Cal.App.3d Supp. 1 [87 Cal.Rptr. 459].) Moreover, in Zeitlin v. Arnebergh (1963) 59 Cal.2d 901 [31 Cal.Rptr. 800, 383 P.2d 152], the Supreme Court appears, at least, to have assumed that an adjudication of nonobscenity of a book in a criminal prosecution would not collaterally estop the People from thereafter prosecuting a different bookseller for the sale of the same book. The opinion, at page 907, states: “If ... a verdict expresses a determination that the material is not obscene the city attorney is still free to prosecute another bookseller for selling the same publication. If a criminal verdict . . . operates primarily within a particular county to ban the book in the case of guilt, or to encourage its sale in the case of innocence, an opposite result might readily obtain in another county.” In State v. Hentschel (1953) 98 N.H. 382 [101 A.2d 456], it was held that the prior acquittal of a distributor of an alleged obscene magazine based upon a determination that it was not obscene did not collaterally estop the state from prosecuting another person who allegedly possessed with intent to sell the same magazine.
We are of the opinion that the present case is analogous to the situations considered in Price v. Atchison, T. & S.F. Ry. Co., supra, and Nevarov v. Caldwell, supra, and should be controlled by the decisions therein. In the enforcement of laws against obscenity, multiple and successive prosecutions of different defendants based upon the sale or exhibition of the same book or film will naturally occur. If the People are successful in one *Supp. 57 or a dozen or more of such prosecutions, they cannot use those convictions against other defendants who sell or exhibit the same material. If one defendant succeeds in obtaining an adjudication of nonobscenity, the public policy of this state should not be to preclude the People from prosecuting other defendants. Application of the defense of collateral estoppel in such situations would produce anomalous results, would not serve the objective of preventing a defendant from being harassed or twice vexed by litigation, and would not accord sufficient consideration to the public interest in the enforcement of laws against obscenity. (Cf. People v. Barnes (1966) 240 Cal.App.2d 428 [49 Cal.Rptr. 470]; Sanderson v. Niemann (1941) 17 Cal.2d 563 [110 P.2d 1025]; Kellett v. Superior Court (1966) 63 Cal.2d 822, 828 [48 Cal.Rptr. 366, 409 P.2d 206].)
Defendants’ contention that dismissal of the present proceeding was required under the rule of Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937], is without merit.
The order of dismissal is reversed.
Zack, J., concurred.