[Civ. No. 12829. Fourth Dist., Div. One. Feb. 20, 1974.]

ROBERT WOODFORD et al., Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE SAN DIEGO JUDICIAL
DISTRICT OF SAN DIEGO COUNTY et al.,
Defendants and Respondents.

## Counsel

Gostin & Katz and Louis S. Katz for Plaintiffs and Appellants.

John W. Witt, City Attorney, Stuart H. Swett, and Harold A. Bromfield, Deputy City Attorneys, for Defendants and Respondents.

## Opinion

**AULT, J.**—Petitioners appeal from the superior court's judgment of dismissal entered after a demurrer to their first amended petition for a writ of prohibition/mandamus and/or declaratory relief was sustained without leave to amend.[1]

### Petition

The first amended petition alleged the following facts. Petitioners own, operate and manage the Guild Theater, the Academy Theater and the Fine Arts Theater in San Diego. On December 9, 1971, San Diego police, pursuant to a warrant, seized from the Guild Theater a copy of the motion picture film, "Mona, the Virgin Nymph" ("Mona"). Because of showing the film, petitioners have been charged in the municipal court with exhibiting an obscene film in violation of Penal Code section 311.2, a misdemeanor, in case numbers M-107920 through M-107922.

It is further alleged petitioners pleaded not guilty, then filed motions to suppress evidence pursuant to Penal Code section 1538.5, nonstatutory motions to dismiss based upon nonobscenity of the film, and a motion to

---

[1]In conjunction with the ruling on the demurrer, the court dissolved a temporary restraining order and also filed a memorandum decision from which petitioners initially attempted to appeal before any judgment had been entered. The appeal was dismissed by this court. The superior court later entered a judgment of dismissal from which this appeal is taken. The record filed in the instant appeal is incorporated by reference into this record and the parties have stipulated the briefs filed in the earlier appeal may be used now.

bar further prosecution on the ground of collateral estoppel (see Pen. Code, § 1538.5, subd. (n)). After a hearing on March 7, 1972, a municipal court judge denied all motions. The cases are now at issue and set for trial in the municipal court, with trial temporarily stayed by order of the superior court.

On the issue of collateral estoppel, the petition alleges the judge made the following findings: substantially the same film as involved here was admitted in evidence in the Palo Alto-Mountain View Municipal Court trial of People v. Rocci Borelli; in that case the only contested issue was the obscenity *vel non* of "Mona," scienter being admitted; on March 31, 1971, after an eight-day jury trial, Borelli was acquitted; the plaintiff is the same in that case and this one, and the expert testimony undoubtedly will be the same, but the defendants are different.

Although "Mona" has been adjudicated not obscene in two other counties, it is alleged the police threaten to seize additional copies of "Mona" if petitioners show the film again in San Diego; such conduct will deprive petitioners of substantial property rights and will violate their rights under the First, Fourth and Fourteenth Amendments of the United States Constitution. There is an actual controversy between the parties as to whether the film is obscene; respondents threaten to continue to harass petitioners; petitioners have no plain, speedy or adequate remedy at law.

In the prayer petitioners asked for a writ of prohibition to prohibit the municipal court from admitting the seized film into evidence in any criminal proceeding without a prior determination by the superior court concerning the issues of obscenity and collateral estoppel. Petitioners also asked the court to hold "a full, evidentiary hearing" and to declare the film to be not obscene.

### RESPONSE AND RULING

In response to the amended petition, respondents filed points and authorities in opposition, a demurrer, and an answer.

On August 1, 1972, the superior court sustained the demurrer without leave to amend on four grounds: writ review of a section 1538.5 proceeding is not available in misdemeanor cases (see Pen. Code, § 1538.5, subd. (i)); the facts alleged do not support the general allegation that there is no plain, speedy, adequate remedy at law; there are no facts showing the municipal court acted arbitrarily; there is no "petition for declaratory relief" which can be used as a writ of review. The minutes state the ruling

is without prejudice to petitioners' right to file a complaint for declaratory relief.

## DISCUSSION

█ On appeal petitioners' contentions all relate to their claim the People are barred from prosecuting them for exhibiting "Mona" because of Borelli's acquittal in Palo Alto where he was tried for showing substantially the same film. Where scienter is admitted in an obscenity prosecution, they maintain the sole issue is the characterization of the material. Since Borelli was acquitted, they contend the jury necessarily found the film not obscene, and argue that the People are barred or estopped from introducing contrary evidence in a later prosecution of a different defendant. They rely upon *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 812-813 [122 P.2d 892], which held a plea of res adjudicata is valid if the identical issue was decided in a prior final judgment on the merits and the party against whom the plea is now asserted was a party to that adjudication; mutuality of estoppel is not required.

More in point is the criminal case of *People* v. *Seltzer,* 25 Cal.App.3d Supp. 52 [101 Cal.Rptr. 260], where the identical issue raised here by petitioners was made and rejected. The court pointed out the holding of *Bernhard* has not been given universal application (see citations and discussion at pp. 54-56, Supp.) and held the defense of collateral estoppel was not available to defendants where they had not been parties in or privy to the prior obscenity prosecution (p. 57, Supp.). At page 56, Supplement, the court stated: "In the enforcement of laws against obscenity, multiple and successive prosecutions of different defendants based upon the sale or exhibition of the same book or film will naturally occur. If the People are successful in one or a dozen or more of such prosecutions, they cannot use those convictions against other defendants who sell or exhibit the same material. If one defendant succeeds in obtaining an adjudication of non-obscenity, the public policy of this state should not be to preclude the People from prosecuting other defendants. Application of the defense of collateral estoppel in such situations would produce anomalous results, would not serve the objective of preventing a defendant from being harassed or twice vexed by litigation, and would not accord sufficient consideration to the public interest in the enforcement of laws against obscenity. [Citations.]"

In *People* v. *Seltzer, supra,* the court relied upon *Zeitlin* v. *Arnebergh,* 59 Cal.2d 901 [31 Cal.Rptr. 800, 383 P.2d 152, 10 A.L.R.3d 707], pointing to language in that decision which indicates an adjudication of non-

obscenity of a book in a criminal case would not collaterally estop the People from later prosecuting a different bookseller from selling the same book (p. 56, Supp.). The language in *Zeitlin* relied upon by the court appears at page 907 and reads: "If . . . a verdict expresses a determination that the material is not obscene the city attorney is still free to prosecute another bookseller for selling the same publication. If a criminal verdict . . . operates primarily within a particular county to ban the book in the case of guilt, or to encourage its sale in the case of innocence, an opposite result might readily obtain in another county."

The People are not estopped or barred from prosecuting petitioners for exhibiting "Mona" and the application for a writ was properly denied.[2]

Petitioners have not challenged the court's dismissal of the "petition for declaratory relief." Although *Zeitlin* v. *Arnebergh, supra,* 59 Cal.2d 901, indicates a complaint for declaratory relief is an appropriate means for determining whether a publication is "obscene" or protected by the First Amendment, the court below held a "petition for declaratory relief" cannot be used for such purposes, particularly where it is in the form of or joined with a writ of review. If any error was made in this portion of the judgment, it has not been urged and hence is deemed waived. (*People* v. *Paramount Citrus Assn.,* 147 Cal.App.2d 399, 407 [305 P.2d 135]; *Coronet Credit Corp.* v. *West Thrift Co.,* 244 Cal.App.2d 631, 642 [53 Cal.Rptr. 433]; see gen. 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 425, p. 4391.) In any event, the trial court's ruling was made without prejudice to the filing of a proper declaratory relief action in the superior court.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

---

[2]In civil cases the plea of res adjudicata is an ordinary defense which does not go to the jurisdiction of the court, and hence is not a ground for prohibition. (See Code Civ. Proc., § 1102; *Baird* v. *Superior Court,* 204 Cal. 408, 412 [268 P. 640]; *Goodman Bros.* v. *Superior Court,* 51 Cal.App.2d 297, 304-307 [124 P.2d 644]; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 73, p. 597; 1 Witkin, Cal. Crimes (1963) § 223(2), pp. 212-213.) If the same rule is to be applied to criminal cases it affords a second basis for denying the petition.