*Lamphere v. Malletts Bay Homeowners Ass'n*, No. 859-10-16 Cncv (Mello, J., Sept. 29, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| TRACY LAMPHERE, et al.,<br> Plaintiffs<br><br>v.<br><br>MALLETTS BAY HOMEOWNERS<br>ASSOCIATION,<br> Defendant | Docket No. 859-10-16 Cncv |

### RULING ON PLAINTIFFS' MOTION TO PRECLUDE RELITIGATION OF ISSUES

This is an action by homeowners in a common interest community (Plaintiffs) against the homeowners association (Defendant). Plaintiffs allege various claims, including negligence, breach of fiduciary duty, breach of contract, and breach of certain statutory duties. Now before the court is Plaintiff's motion to preclude the relitigation of issues that have been resolved in previous litigation involving Defendant. Pietro Lynn and Adrienne Shea, Esqs. represent Plaintiffs. Christopher Sanetti, Esq. represents Defendant.

The issues raised in this action are identical to those raised in the action titled Mongeon Bay Properties, LLC v. Mallets Bay Homeowner's Ass'n. *See* 2016 VT 64; No. 45-1-12 Cncv (Apr. 28, 2015) (Pearson, J.). There, Mongeon Bay Properties had sued the homeowners' association, alleging that it had defaulted under the ground lease, and seeking termination of the lease. The trial court found that the association had failed to perform regular maintenance and to address lakeside erosion, and concluded that this conduct caused substantial injury to the property and constituted waste. The court concluded that the association was in default of the lease. The Supreme Court affirmed those findings, and held that Mongeon Bay Properties was entitled to terminate the lease. The homeowners now seek a ruling from this court that those factual findings and determinations in the earlier case are entitled to preclusive effect in the present action.

Collateral estoppel, or issue preclusion, "bars the subsequent relitigation of an issue that was actually litigated and decided in a prior case where that issue was necessary to the resolution of the dispute." Scott v. City of Newport, 2004 VT 64, ¶ 7, 177 Vt. 491 (quoting Alpine Haven Prop. Owners Ass'n v. Deptula, 2003 VT 51, ¶ 13, 175 Vt. 559); *see also* Mellin v. Flood Brook Union Sch. Dist., 173 Vt. 202, 209–10 (2001) ("When an issue of fact . . . is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a

subsequent action between the parties, whether on the same or a different claim.") (quoting Restatement (Second) of Judgments § 27 (1982)). Application of the doctrine requires that:

> (1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265 (1990) (citing Bernhard v. Bank of Am. Nat. Tr. & Sav. Ass'n, 19 Cal. 2d 807, 813 (1942); Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 328 (1971)). Among the appropriate factors for courts to consider in determining the presence of the final two criteria are "the type of issue preclusion, the choice of forum, the incentive to litigate, the foreseeability of future litigation, the legal standards and burdens employed in each action, the procedural opportunities available in each forum, and the existence of inconsistent determinations of the same issue in separate prior cases." Id. (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331–32 (1979); Blonder–Tongue, 402 U.S. at 333–34; Restatement (Second) of Judgments §§ 28–29 (1982)). Collateral estoppel serves the interests of repose and reliance, and prevents repetitious litigation. Wright & Miller, 18 Fed. Prac. & Proc. Juris. § 4416 (3d ed. Apr. 2017 update).

This case presents a proper scenario in which to apply collateral estoppel. First, issue preclusion is asserted against Mallets Bay Homeowners' Association, the same defendant in the earlier action. Second, the issues were resolved by a final judgment on the merits in the prior action. The trial court made factual findings after a bench trial, and the Supreme Court affirmed those findings. Third, the relevant issues here—that the association was obligated to maintain the leased premises, and that its failure to do so resulted in waste and resulted in the termination of the lease—were the same issues resolved in the earlier action. Fourth, there was a full and fair opportunity to litigate the issue in the earlier action. These issues were contested and litigated in a bench trial and on appeal. The association argued that it did not breach its obligations under the lease, and had every incentive to zealously litigate this issue since a finding of a breach could (and did) result in termination of the lease and issuance of a writ of possession.

Finally, applying collateral estoppel in this action is fair. As plaintiffs observe, the association arguably had greater incentive to zealously defend on these issues in the prior action to try to prevent termination of the lease. The concerns that often arise with an offensive use of collateral estoppel do not apply here. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329–31 (1979) (cited in Trepanier, 155 Vt. at 265 n.2). Plaintiffs here could not have joined in the prior action as plaintiffs because their interests in that suit were aligned with those of the association. Additionally, the findings and determinations in the prior action were "not inconsistent with any previous decision," and there will, in the present action, "be no procedural opportunities available to the

[association] that were unavailable in the first action of a kind that might be likely to cause a different result. Id. at 332. Lastly, as discussed above, the association "had every incentive to litigate the [prior] lawsuit fully and vigorously." Id. In the present case, as in Parklane, "none of the circumstances that might justify reluctance to allow the offensive use of collateral estoppel is present." Id. at 331. Consequently, the factual findings and determinations of the Superior Court and the Supreme Court in the prior action, *see* 2016 VT 64; No. 45-1-12 Cncv, are entitled to preclusive effect. The court presumes that the real issue in this case will be whether the association can be liable to its members as a matter of law.

## Order

Plaintiffs' motion to preclude relitigation of issues is granted. Accordingly, the factual findings and determinations of the Superior Court and the Supreme Court in the prior action, *see* 2016 VT 64; No. 45-1-12 Cncv, are entitled to preclusive effect in the present case. The clerk will set this matter for a status conference.

SO ORDERED this 28th day of September, 2017.


_____
Robert A. Mello
Superior Court Judge

3